TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00123-CV







Bryan D. Robinson, Appellant



v.



Kevin R. Brice, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 91-044-C368, HONORABLE BURT CARNES, JUDGE PRESIDING







 Kevin Brice appeals the portion of a trial-court judgment fixing the date from which
prejudgment interest began to accrue. (1) We will reverse that part of the judgment and render
judgment consistent with this opinion. 



THE CONTROVERSY


 On February 2, 1989, Bryan Robinson and Brice were involved in a one-car
accident in which Robinson was the driver and Brice was the passenger. Brice sustained severe
personal injuries. The car belonged to Robinson's employer, Temple-Inland Forest Products
Corporation ("Temple-Inland"). Temple-Inland's insurance carrier was Highlands Insurance
Company ("Highlands"). 

 On February 14, approximately two weeks after the accident, Temple-Inland sent
Highlands a "Motor Vehicle Accident Report" with Robinson's handwritten account of the
accident attached. These documents described the accident and Brice's injuries. Subsequently,
a claims adjustor at Highlands, Marthilyn Collins, began an investigation and on February 15
obtained tape-recorded statements from Brice and Robinson. The next day, Collins filled out a
report, noting that liability was present and that Brice had told her he only wanted payment of lost
wages and medical bills that were not covered by his own health insurance policy. Highlands
began to pay these items periodically. 

 On April 1, Brice sent a note to Highlands, attaching certain medical bills not
covered under his own insurance policy. He requested that Highlands pay the bills and asked
when he would receive his next lost wages check. Highlands continued to pay Brice's medical
bills and lost wages over the next few months, eventually paying a total of $23,091.94. Collins
testified at the hearing on prejudgment interest that Brice requested payment solely for lost wages
and unpaid medical bills until shortly before the statute of limitations ran. At that point, Brice
requested a substantial amount for future damages. Shortly thereafter, on January 31, 1991, he
filed suit against Robinson and Temple-Inland. (2) 

 At trial, the jury found Robinson's negligence had proximately caused the accident
and fixed damages in the amount of $676,248.97. Brice filed a motion for judgment on the jury's
verdict (3) and requested prejudgment interest. See Tex. Rev. Civ. Stat. Ann. art. 5069-1.05 § 6(a)
(West Supp. 1995) (the "Statute"). (4) According to the Statute, prejudgment interest accrues
beginning on the 180th day after the date the defendant receives written notice of a claim, or on
the date suit is filed, whichever occurs first. Id. Brice asserted that prejudgment interest should
be calculated beginning August 14, 1989, 180 days after Highlands received the accident report
from Temple-Inland. Robinson contended that prejudgment interest should accrue from the day
Brice filed suit (January 31, 1991).

 After a hearing, the trial court found that Highlands had not received written notice
of Brice's claim more than 180 days before the filing of suit. The court therefore calculated
prejudgment interest from the date Brice filed suit (January 31, 1991) through the day before the
date judgment was rendered. The sole issue on appeal is whether the trial court correctly
determined that Highlands had not received written notice of Brice's claim before Brice filed suit. 



DISCUSSION AND HOLDING


 Brice asserts the trial court erred in finding Highlands did not receive written notice
of a claim before Brice filed suit so as to trigger the 180-day provision in the statute. Brice argues
that the statute does not require written notice to come from the claimant, and therefore, the
accident report that Highlands received on February 14 from its insured, Temple-Inland,
constituted written notice of his claim. Robinson asserts that notice of an accident from an insured
who is a potential defendant is not notice of a third party's claim. 

 The prejudgment interest statute does not set forth requirements for what constitutes
adequate "written notice of a claim." (5) Apparently, no court has addressed the question. In
interpreting the statute, we must consider its object and purpose. De Leon v. Harlingen Consol.
Indep. Sch. Dist., 552 S.W.2d 922, 925 (Tex. Civ. App.--Corpus Christi 1977, no writ). In
addition to ensuring plaintiffs are fully compensated, the prejudgment interest statute provides a
series of incentives designed to encourage the expeditious settlement of claims. C & H
Nationwide, Inc. v. Thompson, 37 Tex. Sup. Ct. J. 1059 (June 22, 1994). Brice contends the
evident purpose of the 180-day provision is to provide a time period within which the defendant
may, without penalty, conduct an investigation and settle claims with merit. He argues that the
accident report was sufficient to fulfill this purpose because it apprised Highland that he was
injured, the time, place and manner of the accident, and its probable cause. 

 The statute, however, plainly requires not merely written notice of an accident and
resulting injuries, but also written notice of a claim. The statute does not define the term "claim," 
and therefore, we must construe it according to its ordinary meaning. Tex. Gov't Code Ann. §
312.002(a) (West 1988); Hopkins v. Spring Indep. Sch. Dist., 736 S.W.2d 617, 619 (Tex. 1987). 
The word "claim" ordinarily means a demand for compensation or an assertion of a right to be
paid. Although the accident report notified Highlands that an accident had occurred, and that
Brice had been injured, it was not notice of a demand for payment or compensation by Brice or
on Brice's behalf, and thus was not notice of a claim.

 Brice refers us to cases construing "notice of claim" provisions in other statutes to
support his contention that Highland's receipt of the accident report was sufficient "written notice
of a claim" under the prejudgment interest statute. Section 38.002 of the Civil Practice and
Remedies Code provides that in order to recover attorney's fees "the claimant must present the
claim to the opposing party." Tex. Civ. Prac. & Rem. Code Ann. § 38.002(2) (West 1986). This
provision is similar to the prejudgment interest statute in that it does not indicate what information
must be included in the claim. Brice cites cases holding that presentment may be informal and
in no particular form. Jones v. Kelley, 614 S.W.2d 95, 100 (Tex. 1981). The fact that
presentment may be informal does not obviate the necessity for assertion of a claim. See, e.g.,
Adams v. Petrade Int'l, Inc., 754 S.W.2d 696, 719 (Tex. App.--Houston [1st Dist.] 1988, writ
denied) (noting section 38.002 merely requires some type of assertion of debt or claim to opposing
party and request for compliance); King Optical v. Automatic Data Processing of Dallas, Inc.,
542 S.W.2d 213, 217 (Tex. Civ. App.--Waco 1976, writ ref'd n.r.e.) (holding claimant must
merely assert right to be paid and request payment in order to recover attorney fees). 
Additionally, Brice argues that courts have construed section 101.101 of the Texas Tort Claims
Act as requiring merely a description of the injury, and the time, place and manner of the
incident. Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (West 1986). He contends that the
accident report in the present case includes all of the above information. The accident report fails
as written notice of a claim not because of insufficient form or detail, but because it is not notice
of a demand for compensation or an assertion of a right to be paid. 

 Alternatively, Brice contends that his letter of April 1, stamped "Received" by
Highlands on April 10, in which he requested that Highlands pay certain medical bills and
inquired as to when the next lost wages check was due, constituted written notice of a claim so
as to satisfy the statutory requirement. (6) We agree. Although phrased as a request, Brice plainly
asserted in the letter a right to payment of his medical bills and lost wages. See Huff v. Fidelity
Union Life Ins. Co., 312 S.W.2d 493, 500 (Tex. 1958) (noting demand need not be evidenced by
firm and commanding language, but may be phrased in customarily used polite language). The
statute does not require the claimant to demand an exact amount or list every element of damage
claimed, and we decline to read such requirements into it. We must construe the statute liberally
to achieve its purposes of fully compensating the plaintiff and encouraging settlements. See Tex.
Gov't Code Ann. §312.006(a) (West 1988). Brice's letter was sufficient to notify Highlands that
he was claiming compensation for his injuries and afforded it the opportunity to settle the claim
without incurring liability for prejudgment interest. Therefore, Brice is entitled to prejudgment
interest calculated from 180 days after April 10, 1989, the date Highland received Brice's letter
of April 1, until the day before rendition of judgment. We sustain Brice's cross-point of error.

 We reverse that portion of the trial-court judgment awarding Brice prejudgment
interest calculated from the date this lawsuit was filed. We render judgment that prejudgment
interest accrue from 180 days after April 10, 1989, the date Highlands received Brice's letter of
April 1, through the day preceding the date judgment was rendered. 



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Reversed and Rendered

Filed: March 8, 1995

Publish
1. Initially, Bryan Robinson appealed that portion of the judgment awarding Brice prejudgment
interest on future damages. Brice cross-appealed regarding the trial court's determination of the
date from which prejudgment interest accrued. Robinson moved to dismiss the entire appeal in
light of the supreme court's decision in C & H Nationwide, Inc. v. Thompson, 37 Tex. Sup. Ct.
J. 1059 (June 22, 1994). In his motion to dismiss, Robinson contends Brice is not entitled to the
relief sought by his cross-point because Brice did not perfect an independent appeal. However,
it was unnecessary for Brice to do so because Robinson's appeal included "[t]hat portion of the
judgment which awards pre-judgment interest on future damages." 
2. Although Temple-Inland was a defendant at trial, the trial court granted its motion for
directed verdict before the case was submitted to the jury. It is not a party to this appeal.
3. Brice credited Robinson for Highland's previous payment of medical bills and lost wages
in the amount of $23,091.94, requesting judgment for the difference between $23,091.94 and the
award of $676,248.97 in the amount of $653,157.03. The court rendered judgment for Brice and
calculated prejudgment interest on the adjusted amount.
4. The statute provides: 


 Judgments in wrongful death, personal injury, and property damage
cases must include prejudgment interest . . . . [P]rejudgment
interest accrues on the amount of the judgment during the period
beginning on the 180th day after the date the defendant receives
written notice of a claim or on the day the suit is filed, whichever
occurs first, and ending on the day preceding the date judgment is
rendered. 


Tex. Rev. Civ. Stat. Ann. art. 5069-1.05 § 6(a) (West Supp. 1995). 
5.   Many "notice of claim" provisions do provide detailed requirements for what the notice must
contain. See, e.g., Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a)(1)-(3) (West 1986) (stating notice of claim must reasonably describe damage or injury claimed, the
incident and its time and place); Deceptive Trade Practices--Consumer Protection Act, Tex. Bus.
& Com. Code Ann. § 17.505(a) (West Supp. 1995) (stating written notice must advise in
reasonable detail of the consumer's specific complaint, actual damages, and expenses reasonably
incurred in asserting claim). 
6.   The day after Highlands received the accident report, Brice informed Highlands that he
wanted compensation for lost wages and medical bills, thus effectively giving notice of a claim,
but this communication was not in writing as required by the statute. The April 1st letter read as
follows: 



Marthilyn--These are the bills that Prudential won't pay because they are applying to
my deductible. Also included are other bills I have submitted to you previously but
have no resolution on. Please process these as quickly as you can, as I have had to
pay out of my pocket on these. Also, when is next lost wages check due? I'll call
this week. Thank you, Kevin Brice.