BROOKSHIRE GROCERY
COMPANY, Appellant,

v.

Robert Elton SMITH, Appellee.

No. 09–02–226 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 8, 2003.

Decided Feb. 20, 2003.

Brian J. Brandstetter, Gwinn & Roby, Fort Worth, for appellant.

Curtis W. Leister, John Werner, Reaud, Morgan & Quinn, Inc., Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Robert Elton Smith filed suit in 1994 against appellant, Brookshire Grocery Company, his nonsubscriber employer, for injuries he sustained on the job in 1992. Finding Brookshire Grocery negligent, a jury returned a verdict in Smith's favor. Brookshire Grocery brings three issues on appeal: venue, an evidentiary ruling, and the calculation of prejudgment interest. As we conclude none of the issues presented requires reversal, we affirm the trial court's judgment.

### VENUE

Smith initially filed suit against Brookshire Grocery Company in Jefferson County, Texas. Brookshire Grocery filed a motion to transfer venue. Before any hearing was held on the venue motion, Smith nonsuited the claim. He then filed suit in Hardin County against Brookshire Grocery Company and Brookshire Brothers, Inc. ("Brookshire, Inc.") Although Brookshire Grocery filed a motion to

transfer venue in the Hardin County suit, Brookshire, Inc. did not challenge venue and filed only an answer. Shortly thereafter, Smith nonsuited Brookshire, Inc. The trial court denied Brookshire Grocery's venue motion.

Appellant failed to include a reporter's record of the hearing on the motion to transfer venue. Smith maintains this failure requires our rejection of appellant's venue issue. The venue hearing was conducted in November 1994, but the trial was not held and the judgment not signed until April 2002. On June 5, 2002, Brookshire Grocery requested the venue hearing be included in the reporter's record on appeal. In a letter dated July 26, 2002, the court reporter explained she no longer had notes of the 1994 venue hearing. By statute, the court reporter is required to preserve the notes of the hearing for "three years from the date on which they were taken[.]" TEX. GOV'T CODE ANN. § 52.046(a)(4) (Vernon 1998). The Texas Supreme Court has stated that "[i]f a litigant has not requested the reporter to prepare a statement of facts within three years, nor specifically requested that the notes of a proceeding be preserved beyond three years, then the litigant is not free from fault if the notes are destroyed as the statute authorizes." *Piotrowski v. Minns*, 873 S.W.2d 368, 371 (Tex.1993); *see Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 348–50 (Tex.App.-Austin 2002, pet. denied).

We need not decide venue on this preservation issue, however. Brookshire Grocery has asserted on appeal, supported by its attorney's affidavit, that no evidence was offered or admitted at the venue hearing. Appellant's assertion is not disputed by Smith, and we take as true appellant's uncontradicted statement of fact. *See* TEX. R.APP. P. 38.1(f). The clerk's record is complete. While we emphasize the importance of a complete record of the trial court proceedings and arguments presented at the venue hearing, we will address the merits of the venue issue in this case on the record presented here.

■ The 1985 venue statute applies in this case. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3246–3251. When suit was filed in 1994, section 15.061, quoted below, set out the following rule regarding venue over multiple defendants:

When two or more parties are joined as defendants in the same action or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants unless one or more of the claims or causes of action is governed by one of the provisions of Subchapter B [mandatory venue provisions] requiring transfer of the claim or cause of action, on proper objection, to the mandatory county.[1]

The current statute, amended in 1995, provides that in a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out of the same transaction, occurrences, or series of transactions or occurrences. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.005 (Vernon 2002). Section 15.0641 of the 1995 venue statute also provides that in a suit in which two or more defendants are joined, any action or omission by one defendant in relation to venue, including a waiver of venue by one defendant, does not operate to impair or diminish the right of any other defendant to

---

1. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3249, *repealed by* Act of May 8, 1995, 74th Leg., R.S., ch.138, § 10, 1995 Tex. Gen. Laws 981 (current version at TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.005, 15.0641 (Vernon 2002).)

properly challenge venue. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.0641 (Vernon 2002). The 1985 statute, which applies in this case, does not contain that provision.

■ We note that appellant does not raise the procedural issue set out in *Geo-Chem Tech Corp. v. Verseckes,* 962 S.W.2d 541, 543–44 (Tex.1998). Depending on the state of the record at the time of the filing of a nonsuit, if an objection to venue has been filed and the plaintiff then takes a nonsuit and has not specifically denied the venue facts averred by the party seeking transfer, the venue facts alleged in the motion to transfer may be taken as true. *GeoChem Tech Corp.,* 962 S.W.2d at 543. It is possible the procedural posture at the time of the nonsuit here was insufficient to establish venue in the county to which appellant then sought transfer; but we do not address the *GeoChem* issue as it has not been asserted in this case.

Smith made Hardin County his venue choice. Because Brookshire, Inc. did not object to venue in Hardin County by filing a transfer motion, the Hardin County trial court had venue over Brookshire, Inc. *See* TEX.R. CIV. P. 86(1). Under the applicable statute, if the court had venue of a claim as to one defendant, the court had venue over the claims against all defendants. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.061; *Polaris Inv. Management Corp. v. Abascal,* 892 S.W.2d 860 (Tex.1995). As the Supreme Court stated in *Polaris,* "Venue is a creature of legislative grace, and ... the power to make venue changes is purely statutory." *Id.* at 862. The Supreme Court stated in *Polaris* that the plain wording of section 15.061 appears to permit the joinder of additional claims, and the Court declined to reinterpret section 15.061 in such a way as to prohibit what Polaris characterized as the "tag-along" venue of the plaintiffs: "It is not within the province of this Court to reconstrue, rewrite, or contravene a venue statute when the intent of the Legislature is clear." *Id.; see also Bleeker v. Villarreal,* 941 S.W.2d 163 (Tex.App.-Corpus Christi 1996, writ dism'd by agreement); *but see WTFO, Inc. v. Braithwaite,* 899 S.W.2d 709 (Tex.App.-Dallas 1995, no writ) (Waiver of venue by one defendant does not prevent another defendant from challenging venue.); *Pearson v. Jones Co., Ltd.,* 898 S.W.2d 329 (Tex.App.-Eastland 1994, no writ) (Even though two of four defendants filed an answer without challenging venue, they could not waive other defendants' objections to venue.). In *Polaris,* the Supreme Court indicated any change in section 15.061 was up to the legislature. *See Polaris,* 892 S.W.2d at 862. In the 1995 venue statute, the legislature repealed section 15.061 and added sections 15.005 and 15.064; Section 15.061 applies here because this suit was filed before section 15.061 was repealed and before sections 15.005 and 15.064 were added. We find the language of the 1985 statute is clear.

■ Brookshire Grocery further maintains Smith failed to put on a prima facie case that Brookshire, Inc. was properly joined to justify appellant's "tag along" venue. From the record before us, we cannot determine that Brookshire, Inc. was joined solely to fix venue. Prior to dismissing Brookshire, Inc. from the suit, Smith's pleadings alleged negligence on the part of both appellant and Brookshire, Inc. We note Brookshire Grocery pleaded in its amended answer that any injury sustained by Smith was caused by or, in effect, aggravated by "subsequently occurring incidents and conditions." It is undisputed that Smith worked for Brookshire, Inc. in Hardin County after the injury at appellant's store in Smith County. Appellant filed no special exceptions requesting Smith to plead more particularly how

Brookshire, Inc. was negligent and caused injury to Smith.

■ Appellant further argues that, in order to establish venue in Hardin County, Smith must establish he acted in good faith in joining Brookshire, Inc., the resident defendant. Appellant did not object to the joinder of Brookshire, Inc. and never sought a severance; appellant waived any claim regarding improper joinder. *See Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 751 (Tex.App.-San Antonio 1995, writ denied). We are unable to determine from this record there was any bad faith on the part of Smith in filing suit against Brookshire, Inc. and appellant in Hardin County.

We conclude the trial court did not err in maintaining venue in Hardin County. Issue one is overruled.

### EXCLUSION OF EVIDENCE

■ In point of error two, Brookshire Grocery contends the trial court erred in excluding evidence that Smith falsified an answer on his job application by failing to disclose his previous back surgery. A question on the employment application asked whether Smith had ever been seriously injured on the job. Smith answered "no." In the bill of exception testimony, Smith indicated he gave the "no" answer because at the time he did not consider his injury to be serious. Upon reflection, he agreed the correct answer would have been "yes." The evidence arguably was admissible for the purpose of impeachment of Smith's credibility.

■ Even though the evidence was admissible, Brookshire Grocery must still show the exclusion of the evidence was harmful. *See Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex.2000). "[A] successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted."

*Id.* In our review, we consider the entire record. *Id.* Ordinarily we will not reverse a judgment for erroneous rulings on admissibility of evidence when the evidence is cumulative and the excluded evidence is not controlling on a material issue dispositive of the case. *Id.*

Here, the evidence of the answer on the job application is not controlling on any material issue in the case. The answer does not address directly the elements of Brookshire Grocery's negligence. Whether Brookshire Grocery knew of his prior back injury was not an issue given the circumstances of the alleged negligence in this case: improperly stacked products fell on Smith and caused his back injury. Smith's own negligence was not an issue in this case against a nonsubscriber. *See* TEX. LAB.CODE ANN. § 406.033 (Vernon Supp.2003). His medical condition before the injury at issue was fully presented to the jury, including testimony and records from doctors who treated him before and after the injury. Smith's credibility was repeatedly challenged during cross-examination concerning Smith's medical history, work history, and the accident itself. Based on the record before us, we conclude that the job application answer was not controlling on a material issue, and that Brookshire Grocery has failed to show that the excluded evidence probably caused the rendition of an improper judgment. We hold that under these circumstances the trial court's evidentiary ruling does not require reversal of this case and a new trial. *See* TEX.R.APP. P. 44.1(a). Issue two is overruled.

### PREJUDGMENT INTEREST

■ Brookshire Grocery also challenges the prejudgment interest award set out in the judgment. A trial court's prejudgment interest award is reviewed under an abuse of discretion standard. *See J.C. Penney*

*Life Ins. Co. v. Heinrich*, 32 S.W.3d 280, 289 (Tex.App.-San Antonio 2000, pet. denied). Appellant argues the trial court erred by using an incorrect date from which to begin its calculations, and further erred by awarding prejudgment interest on future damages.

The Texas Finance Code provides that judgments in cases involving wrongful death, personal injury, and property damages are to include prejudgment interest. *See* Tex. Fin.Code Ann. § 304.102 (Vernon 1998 & Supp.2003). Prejudgment interest accrues on the amount of the judgment during the period beginning on the 180th day after the date the defendant receives written notice of a claim or on the day the suit is filed, whichever occurs first. *See* Tex. Fin.Code Ann. § 304.104 (Vernon 1998 & Supp.2003). The term "claim" describes a demand for compensation or an assertion of a right to be paid. *See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531 (Tex. 1998); *see also Robinson v. Brice*, 894 S.W.2d 525, 528 (Tex.App.-Austin 1995, writ denied).

Brookshire Grocery argues prejudgment interest should be calculated from May 20, 1993, the date of a letter sent from Smith's lawyer to appellant. The letter notified Brookshire Grocery that the attorney had been retained to represent Smith in connection with claims regarding injuries Smith sustained on or about August 4, 1992.

Smith argues the trial court's determination of a November 1992 starting date is correct. In evidence are two letters Smith sent to Eddie Crawford, appellant's agent on the medical coverage matters. An October 1992 letter requested reimbursement for expenses relating to car mileage and to treatment for Smith's injury. A November 1992 letter was, in effect, Smith's progress report to Crawford concerning medical procedures contemplated by Smith's doctor and concerning Smith's willingness to see another doctor. Both the October and November 1992 letters were before the trial judge when he made the determination to use the November 1992 date as the starting point for calculating prejudgment interest.

Courts have considered various writings in determining what constitutes written notice of a claim. In *Robinson*, 894 S.W.2d at 528, the Austin court stated that written notice of an accident and injuries is not sufficient to constitute notice of a claim under the prejudgment interest statute; there must be written notice of a lawful demand for payment or compensation. The *Robinson* court found that a letter—in which Robinson requested that the insurance carrier pay certain medical bills and inquired as to when the next lost wages check was due—constituted written notice of a claim. *Id.* at 529. The Fort Worth court has noted that nothing in the prejudgment interest statute requires the claimant to demand an exact amount or list every element of damage claimed in order to trigger the notice of claim provision; a signed medical authorization form, coupled with a letter asking the company to "properly consider [plaintiff's] injury claim," constituted notice under the statute. *Bevers v. Soule*, 909 S.W.2d 599, 603–04 (Tex. App.-Fort Worth 1995, no writ). The Texarkana court has concluded that a person's medical release prepared by her employer—stating that the information was to be used for purposes of evaluating and handling her claim for injury as a result of an accident—was sufficient notice under the statute. *See K Mart Corp. v. Rhyne*, 932 S.W.2d 140, 146 (Tex.App.-Texarkana 1996, no writ). In *Johnson & Higgins*, a standstill agreement (normally an agreement to maintain the status quo and temporarily suspend or stop a suit) stated the following: " 'Kenneco asserts that, to the extent underwriters are found not to be

liable [in the federal action]. . . . , J & H is liable to Kenneco for the amounts which Kenneco has claimed under the Policy.'" *Johnson & Higgins,* 962 S.W.2d at 531. The Supreme Court held the agreement constituted written notice of a claim and triggered accrual of prejudgment interest. *Id.* We conclude that, taken together, the letters written by Smith to Crawford constitute written notice of a claim: they ask for reimbursement of expenses relating to treatment and they state procedures suggested by the doctor. We find the trial court did not abuse its discretion in calculating prejudgment interest from the November 1992 date.

Brookshire Grocery also contends article 5069–1.05 § 6 and its successor statute are unconstitutional, and that the trial court erred in awarding prejudgment interest on future damages. These constitutional arguments were rejected by the Supreme Court in *C & H Nationwide, Inc. v. Thompson,* 903 S.W.2d 315, 324 (Tex.1994). The Supreme Court held the statute by its terms provides for prejudgment interest on future damages. *Id.* at 324–327. At the hearing on the motion to enter judgment, appellant's attorney acknowledged the issue was settled. He argues for a change in the law. But an intermediate appellate court must follow Supreme Court precedent. Issue three is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.