In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-226 CV


____________________



BROOKSHIRE GROCERY COMPANY, Appellant



V.



ROBERT ELTON SMITH, Appellee






On Appeal from the 88th District Court


Hardin County, Texas


Trial Cause No. 34,422






OPINION


 Robert Elton Smith filed suit in 1994 against appellant, Brookshire Grocery
Company, his nonsubscriber employer, for injuries he sustained on the job in 1992. 
Finding Brookshire Grocery negligent, a jury returned a verdict in Smith's favor. 
Brookshire Grocery brings three issues on appeal: venue, an evidentiary ruling, and the
calculation of prejudgment interest. As we conclude none of the issues presented requires
reversal, we affirm the trial court's judgment. 


Venue


 Smith initially filed suit against Brookshire Grocery Company in Jefferson County,
Texas. Brookshire Grocery filed a motion to transfer venue. Before any hearing was held
on the venue motion, Smith nonsuited the claim. He then filed suit in Hardin County
against Brookshire Grocery Company and Brookshire Brothers, Inc. ("Brookshire, Inc.")
Although Brookshire Grocery filed a motion to transfer venue in the Hardin County suit,
Brookshire, Inc. did not challenge venue and filed only an answer. Shortly thereafter,
Smith nonsuited Brookshire, Inc. The trial court denied Brookshire Grocery's venue
motion. 

 Appellant failed to include a reporter's record of the hearing on the motion to
transfer venue. Smith maintains this failure requires our rejection of appellant's venue
issue. The venue hearing was conducted in November 1994, but the trial was not held and
the judgment not signed until April 2002. On June 5, 2002, Brookshire Grocery requested
the venue hearing be included in the reporter's record on appeal. In a letter dated July 26,
2002, the court reporter explained she no longer had notes of the 1994 venue hearing. By
statute, the court reporter is required to preserve the notes of the hearing for "three years
from the date on which they were taken[.]" Tex. Gov't Code Ann. § 52.046(a)(4)
(Vernon 1998). The Texas Supreme Court has stated that "[i]f a litigant has not requested
the reporter to prepare a statement of facts within three years, nor specifically requested
that the notes of a proceeding be preserved beyond three years, then the litigant is not free
from fault if the notes are destroyed as the statute authorizes." Piotrowski v. Minns, 873
S.W.2d 368, 371 (Tex. 1993); see Ganesan v. Vallabhaneni, No. 03-01-00288-CV, 2002
WL 437279, at *1-2 (Tex. App.--Austin Mar. 21, 2002, pet. denied). 

 We need not decide venue on this preservation issue, however. Brookshire Grocery
has asserted on appeal, supported by its attorney's affidavit, that no evidence was offered
or admitted at the venue hearing. Appellant's assertion is not disputed by Smith, and we
take as true appellant's uncontradicted statement of fact. See Tex. R. App. P. 38.1(f). The
clerk's record is complete. While we emphasize the importance of a complete record of
the trial court proceedings and arguments presented at the venue hearing, we will address
the merits of the venue issue in this case on the record presented here.

 The 1985 venue statute applies in this case. See Act of May 17, 1985, 69th Leg.,
R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3246-3251. When suit was filed in 1994,
section 15.061, quoted below, set out the following rule regarding venue over multiple
defendants: 

 When two or more parties are joined as defendants in the same action or
two or more claims or causes of action are properly joined in one action and
the court has venue of an action or claim against any one defendant, the
court also has venue of all claims or actions against all defendants unless one
or more of the claims or causes of action is governed by one of the
provisions of Subchapter B [mandatory venue provisions] requiring transfer
of the claim or cause of action, on proper objection, to the mandatory
county. (1) 


The current statute, amended in 1995, provides that in a suit in which the plaintiff has
established proper venue against a defendant, the court also has venue of all the defendants
in all claims or actions arising out of the same transaction, occurrences, or series of
transactions or occurrences. See Tex. Civ. Prac. & Rem. Code Ann. § 15.005 (Vernon
2002). Section 15.0641 of the 1995 venue statute also provides that in a suit in which two
or more defendants are joined, any action or omission by one defendant in relation to
venue, including a waiver of venue by one defendant, does not operate to impair or
diminish the right of any other defendant to properly challenge venue. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.0641 (Vernon 2002). The 1985 statute, which applies in
this case, does not contain that provision. 

 We note that appellant does not raise the procedural issue set out in GeoChem Tech
Corp. v. Verseckes, 962 S.W.2d 541, 543-44 (Tex. 1998). Depending on the state of the
record at the time of the filing of a nonsuit, if an objection to venue has been filed and the
plaintiff then takes a nonsuit and has not specifically denied the venue facts averred by the
party seeking transfer, the venue facts alleged in the motion to transfer may be taken as
true. GeoChem Tech Corp., 962 S.W.2d at 543. It is possible the procedural posture at
the time of the nonsuit here was insufficient to establish venue in the county to which
appellant then sought transfer; but we do not address the Geochem issue as it has not been
asserted in this case. 

 Smith made Hardin County his venue choice. Because Brookshire, Inc. did not
object to venue in Hardin County by filing a transfer motion, the Hardin County trial court
had venue over Brookshire, Inc. See Tex. R. Civ. P. 86(1). Under the applicable statute,
if the court had venue of a claim as to one defendant, the court had venue over the claims
against all defendants. See Tex. Civ. Prac. & Rem. Code Ann. § 15.061; Polaris Inv.
Management Corp. v. Abascal, 892 S.W.2d 860 (Tex. 1995). As the Supreme Court
stated in Polaris, "Venue is a creature of legislative grace, and . . . the power to make
venue changes is purely statutory." Id. at 862. The Supreme Court stated in Polaris that
the plain wording of section 15.061 appears to permit the joinder of additional claims, and
the Court declined to reinterpret section 15.061 in such a way as to prohibit what Polaris
characterized as the "tag-along" venue of the plaintiffs: "It is not within the province of
this Court to reconstrue, rewrite, or contravene a venue statute when the intent of the
Legislature is clear." Id.; see also Bleeker v. Villarreal, 941 S.W.2d 163 (Tex. App.--Corpus Christi 1996, writ dism'd by agreement); but see WTFO, Inc. v. Braithwaite, 899
S.W.2d 709 (Tex. App.--Dallas 1995, no writ) (Waiver of venue by one defendant does
not prevent another defendant from challenging venue.); Pearson v. Jones Co., Ltd., 898
S.W.2d 329 (Tex. App.--Eastland 1994, no writ) (Even though two of four defendants
filed an answer without challenging venue, they could not waive other defendants'
objections to venue.). In Polaris, the Supreme Court indicated any change in section
15.061 was up to the legislature. See Polaris, 892 S.W.2d at 862. In the 1995 venue
statute, the legislature repealed section 15.061 and added sections 15.005 and 15.064;
Section 15.061 applies here because this suit was filed before section 15.061 was repealed
and before sections 15.005 and 15.064 were added. We find the language of the 1985
statute is clear. 

 Brookshire Grocery further maintains Smith failed to put on a prima facie case that
Brookshire, Inc. was properly joined to justify appellant's "tag along" venue. From the
record before us, we cannot determine that Brookshire, Inc. was joined solely to fix venue. 
Prior to dismissing Brookshire, Inc. from the suit, Smith's pleadings alleged negligence
on the part of both appellant and Brookshire, Inc. We note Brookshire Grocery pleaded
in its amended answer that any injury sustained by Smith was caused by or, in effect,
aggravated by "subsequently occurring incidents and conditions." It is undisputed that
Smith worked for Brookshire, Inc. in Hardin County after the injury at appellant's store
in Smith County. Appellant filed no special exceptions requesting Smith to plead more
particularly how Brookshire, Inc. was negligent and caused injury to Smith.

 Appellant further argues that, in order to establish venue in Hardin County, Smith
must establish he acted in good faith in joining Brookshire, Inc., the resident defendant. 
Appellant did not object to the joinder of Brookshire, Inc. and never sought a severance;
appellant waived any claim regarding improper joinder. See Rosales v. H.E. Butt Grocery
Co., 905 S.W.2d 745, 751 (Tex. App.--San Antonio 1995, writ denied). We are unable
to determine from this record there was any bad faith on the part of Smith in filing suit
against Brookshire, Inc. and appellant in Hardin County. 

 We conclude the trial court did not err in maintaining venue in Hardin County. 
Issue one is overruled.

Exclusion of Evidence


 In point of error two, Brookshire Grocery contends the trial court erred in excluding
evidence that Smith falsified an answer on his job application by failing to disclose his
previous back surgery. A question on the employment application asked whether Smith
had ever been seriously injured on the job. Smith answered "no." In the bill of exception
testimony, Smith indicated he gave the "no" answer because at the time he did not consider
his injury to be serious. Upon reflection, he agreed the correct answer would have been
"yes." The evidence arguably was admissible for the purpose of impeachment of Smith's
credibility. 

 Even though the evidence was admissible, Brookshire Grocery must still show the
exclusion of the evidence was harmful. See Texas Dep't of Transp. v. Able, 35 S.W.3d
608, 617 (Tex. 2000). "[A] successful challenge to evidentiary rulings usually requires
the complaining party to show that the judgment turns on the particular evidence excluded
or admitted." Id. In our review, we consider the entire record. Id. Ordinarily we will
not reverse a judgment for erroneous rulings on admissibility of evidence when the
evidence is cumulative and the excluded evidence is not controlling on a material issue
dispositive of the case. Id. 

 Here, the evidence of the answer on the job application is not controlling on any
material issue in the case. The answer does not address directly the elements of
Brookshire Grocery's negligence. Whether Brookshire Grocery knew of his prior back
injury was not an issue given the circumstances of the alleged negligence in this case:
improperly stacked products fell on Smith and caused his back injury. Smith's own
negligence was not an issue in this case against a nonsubscriber. See Tex. Lab. Code
Ann. § 406.033 (Vernon Supp. 2003). His medical condition before the injury at issue
was fully presented to the jury, including testimony and records from doctors who treated
him before and after the injury. Smith's credibility was repeatedly challenged during
cross-examination concerning Smith's medical history, work history, and the accident
itself. Based on the record before us, we conclude that the job application answer was not
controlling on a material issue, and that Brookshire Grocery has failed to show that the
excluded evidence probably caused the rendition of an improper judgment. We hold that
under these circumstances the trial court's evidentiary ruling does not require reversal of
this case and a new trial. See Tex. R. App. P. 44.1(a). Issue two is overruled.

Prejudgment interest


 Brookshire Grocery also challenges the prejudgment interest award set out in the
judgment. A trial court's prejudgment interest award is reviewed under an abuse of
discretion standard. See J. C. Penney Life Ins. Co. v. Heinrich, 32 S.W.3d 280, 289
(Tex. App.--San Antonio 2000, pet. denied). Appellant argues the trial court erred by
using an incorrect date from which to begin its calculations, and further erred by awarding
prejudgment interest on future damages.

 The Texas Finance Code provides that judgments in cases involving wrongful death,
personal injury, and property damages are to include prejudgment interest. See Tex. Fin.
Code Ann. § 304.102 (Vernon 1998 & Supp. 2003). Prejudgment interest accrues on the
amount of the judgment during the period beginning on the 180th day after the date the
defendant receives written notice of a claim or on the day the suit is filed, whichever
occurs first. See Tex. Fin. Code Ann. § 304.104 (Vernon 1998 & Supp. 2003). The
term "claim" describes a demand for compensation or an assertion of a right to be paid. 
See Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 531
(Tex. 1998); see also Robinson v. Brice, 894 S.W.2d 525, 528 (Tex. App.--Austin 1995,
writ denied).

 Brookshire Grocery argues prejudgment interest should be calculated from May 20,
1993, the date of a letter sent from Smith's lawyer to appellant. The letter notified
Brookshire Grocery that the attorney had been retained to represent Smith in connection
with claims regarding injuries Smith sustained on or about August 4, 1992. 

 Smith argues the trial court's determination of a November 1992 starting date is
correct. In evidence are two letters Smith sent to Eddie Crawford, appellant's agent on
the medical coverage matters. An October 1992 letter requested reimbursement for
expenses relating to car mileage and to treatment for Smith's injury. A November 1992
letter was, in effect, Smith's progress report to Crawford concerning medical procedures
contemplated by Smith's doctor and concerning Smith's willingness to see another doctor. 
Both the October and November 1992 letters were before the trial judge when he made the
determination to use the November 1992 date as the starting point for calculating
prejudgment interest. 

 Courts have considered various writings in determining what constitutes written
notice of a claim. In Robinson, 894 S.W.2d at 528, the Austin court stated that written
notice of an accident and injuries is not sufficient to constitute notice of a claim under the
prejudgment interest statute; there must be written notice of a lawful demand for payment
or compensation. The Robinson court found that a letter -- in which Robinson requested
that the insurance carrier pay certain medical bills and inquired as to when the next lost
wages check was due -- constituted written notice of a claim. Id. at 529. The Fort Worth
court has noted that nothing in the prejudgment interest statute requires the claimant to
demand an exact amount or list every element of damage claimed in order to trigger the
notice of claim provision; a signed medical authorization form, coupled with a letter asking
the company to "properly consider [plaintiff's] injury claim," constituted notice under the
statute. Bevers v. Soule, 909 S.W.2d 599, 603-04 (Tex. App.--Fort Worth 1995, no writ). 
The Texarkana court has concluded that a person's medical release prepared by her
employer -- stating that the information was to be used for purposes of evaluating and
handling her claim for injury as a result of an accident -- was sufficient notice under the
statute. See K Mart Corp. v. Rhyne, 932 S.W.2d 140, 146 (Tex. App.--Texarkana 1996,
no writ). In Johnson & Higgins, a standstill agreement (normally an agreement to
maintain the status quo and temporarily suspend or stop a suit) stated the following: 
"'Kenneco asserts that, to the extent underwriters are found not to be liable [in the federal
action] . . . ., J & H is liable to Kenneco for the amounts which Kenneco has claimed
under the Policy.'" Johnson & Higgins, 962 S.W.2d at 531. The Supreme Court held the
agreement constituted written notice of a claim and triggered accrual of prejudgment
interest. Id. We conclude that, taken together, the letters written by Smith to Crawford
constitute written notice of a claim: they ask for reimbursement of expenses relating to
treatment and they state procedures suggested by the doctor. We find the trial court did
not abuse its discretion in calculating prejudgment interest from the November 1992 date. 

 Brookshire Grocery also contends article 5069-1.05 § 6 and its successor statute are
unconstitutional, and that the trial court erred in awarding prejudgment interest on future
damages. These constitutional arguments were rejected by the Supreme Court in C & H
Nationwide, Inc. v. Thompson, 903 S.W.2d 315, 324 (Tex. 1994). The Supreme Court
held the statute by its terms provides for prejudgment interest on future damages. Id. at
324-327. At the hearing on the motion to enter judgment, appellant's attorney
acknowledged the issue was settled. He argues for a change in the law. But an
intermediate appellate court must follow Supreme Court precedent. Issue three is
overruled.

 The judgment of the trial court is affirmed.

 AFFIRMED. 


 PER CURIAM


Submitted on January 8, 2003

Opinion Delivered February 20, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. See Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws
3242, 3249, repealed by Act of May 8, 1995, 74th Leg., R.S., ch.138, §10, 1995 Tex.
Gen. Laws 981 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 15.005,
15.0641 (Vernon 2002).