ACCEPTED
06-15-00013-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/2/2015 10:29:13 AM
DEBBIE AUTREY
CLERK

# No. 06-15-00013-CV

## In the Court of Appeals for the

## Sixth District of Texas

## at Texarkana

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

10/2/2015 10:29:13 AM

DEBBIE AUTREY
Clerk

JOHN ALEXANDER SMITH,
Cross-Appellant

V.

CITY NATIONAL BANK OF SULPHUR SPRINGS,
Cross-Appellee.

---

Appeal from the District Court of Hopkins County, Texas
62nd Judicial District
Honorable Will Biard Presiding

---

## Brief of Cross-Appellee

John R. Mercy
Texas State Bar No. 13947200
Mercy✦Carter ✦Tidwell, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX  75503
Telephone:  (903) 794-9419
Facsimile:   (903) 794-1268
Email: jmercy@texarkanalawyers.com

Coy Johnson
Texas State Bar No. 10698000
Email: coy@clayjohnsonlaw.com
Clay Johnson
Texas State Bar No. 24007450
Email: clay@clayjohnsonlaw.com
Johnson Law Firm, P.C.
609 Gilmer Street
Sulphur Springs, TX 75482-4121
Telephone: (903) 885-8866
Facsimile:   (903) 584-1313

ATTORNEYS FOR CROSS-APPELLEE

**IDENTITY OF PARTIES AND COUNSEL**

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Cross-Appellee lists below the names and addresses of all parties to the trial court's final judgment together with their counsel in the trial court.  This list is provided so that the justices of this Court may evaluate possible disqualification and recusal, and so that the Clerk of the Court of Appeals may notify all parties of this Court's final judgment.

John Alexander Smith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Cross-Appellant

J. Mark Sudderth
NOTEBOOM LAW FIRM
669 Airport Freeway, Suite 100
Hurst, TX 76053-3698.. . . . . . . . . . . . . . . . . . . . . . .  Trial and Appellate Counsel
                                                                                              for Cross-Appellant

City National Bank of Sulphur Springs. . . . . . . . . . . . . . . . . . . . .  Cross-Appellee

Coy Johnson
Clay Johnson
JOHNSON LAW FIRM, P.C.
609 Gilmer Street
Sulphur Springs, TX 75482-4121. . . . . . . . . . . . .  Trial Counsel for Cross-Appellee

John R. Mercy
MERCY ✫ CARTER ✫ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503. . . . . . . . . . . . . . . . .  Appellate Counsel for Cross-Appellee

## TABLE OF CONTENTS

Page

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Response to Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        Responsive Issue.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Proper Calculation of Prejudgment Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## INDEX OF AUTHORITIES

**Cases**:                                                                                          **Page**

Brookshire Grocery Co. v. Smith,
99 S.W.3d 819 (Tex. Civ. App. – Beaumont 2003, pet. denied). . . . . . . . . . . . . . 8

Christus Health Gulf Coast v. Carswell,
433 S.W.3d 585 (Tex. App. – Houston [1st Dist.] 2013, pet. granted). . . . . . 7, 9, 10

DeLeon v. Harlingen Consol. Indep. School Dist.,
552 S.W.2d 922 (Tex. Civ. App. – Corpus Christi 1977, no writ). . . . . . . . . . . . . 9

Goode v. Shoukfeh,
943 S.W.2d 441 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hopkins v. Spring Indep. Sch. Dist.,
736 S.W.2d 617, 619 (Tex.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I-10 Colony, Inc. v. Chao Kuan Lee,
393 S.W.3d 467 (Tex. App. – Houston [14th Dist.] 2013, pet. denied). . . . . . . . . 10

Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Morales v. Morales,
98 S.W.3d 343 (Tex. App. – Corpus Christi 2003. pet. denied).. . . . . . . . . . . . . . 7

Robinson v. Brice,
894 S.W.2d 525 (Tex. App.– Austin 1995, writ denied). . . . . . . . . . . . . . . . . . . . 8

Samlowski v. Wooten,
332 S.W.3d 404 (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


**Statutes**:

Tex. Fin. Code Ann. § 304.104. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 9


**Other**:

BLACK'S LAW DICTIONARY 247 (6th Ed. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE COURT OF APPEALS FOR THE
SIXTH DISTRICT OF TEXAS
AT TEXARKANA


JOHN ALEXANDER SMITH,
Cross-Appellant

V.

CITY NATIONAL BANK OF SULPHUR SPRINGS,
Cross-Appellee.


**BRIEF OF CROSS-APPELLEE**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Cross-Appellee, CITY NATIONAL BANK OF SULPHUR SPRINGS, and files this its brief in response to Cross-Appellant's brief, and would show unto the Court the following.

**Statement of the Case**

| | |
|---|---|
| Nature of the Case | This began as a legal malpractice case against an attorney. Through a designation of a responsible third party and subsequent joinder it became a malicious prosecution case against City National.[1] |
| Trial Court: | The Honorable Will Biard<br>62nd District Court, Hopkins County |
| Parties: | Plaintiff – John Alexander Smith<br>Defendant – City National Bank of Sulphur Springs |

---

[1] Cross-Appellant, John Alexander Smith, will be referred to as "Smith" and Cross-Appellee, City National Bank of Sulphur Springs, will be referred to as "City National". The Clerk's Record will be cited as "CR __".

| | |
|---|---|
| <u>Trial</u>: | Jury Trial - 3 days |
| <u>Verdict</u>: | The jury answered questions finding City National liable for malicious prosecution and exemplary damages. The jury found damages of $150,000.00 for physical pain and mental anguish, $250,000.00 for injury to the reputation, and $500,000.00 in exemplary damages. (CR 535). |
| <u>Post-Trial Motions</u>: | City National filed a Motion for Judgment Notwithstanding the Verdict. (CR 577). It was denied. City National filed a Motion for New Trial. (CR 611). It was denied. (CR 629). City National filed a Motion to Modify the Judgment. (CR 605) It was granted. (SCR 5). The judgment was modified to reduce the pre-judgment interest from $84,542.00 to $54,243.00. (SCR 5). |
| <u>Judgment</u>: | The trial court entered judgment on the verdict. (CR 582). City National filed a motion to modify the judgment which was granted, reducing the pre-judgment interest from $84,542.00 to $54,243.00. (SCR 5). |
| <u>Appeal</u>: | City National appealed the judgment and has filed its brief on the bases. Smith cross-appealed the modification of the prejudgment interest award. |

## <u>RESPONSE TO ISSUE PRESENTED</u>

**The trial court exercised his discretion in calculating the prejudgment interest awarded to Smith.**

## STATEMENT OF FACTS

Cross-Appellee does not take issue with Smith's Statement of Facts as far as it goes, but Smith fails to include two very significant facts that were important to the trial court's decision: (a) Smith's initial lawsuit against Charles Clark was for legal malpractice, not malicious prosecution; and (b) the statute of limitations on any claim by Smith against City National for malicious prosecution had run and was only revived, if at all, when Smith joined City National into the malpractice suit against Clark. To the extent that other facts are relevant to this cross-issue, City National would adopt the Statement of Facts contained in its original Appellant's Brief herein.

## STATEMENT REGARDING ORAL ARGUMENT

The Court should not independently grant oral argument on this issue.

The trial court correctly calculated prejudgment interest from Smith's Second Amended Original Petition. That Second Amended Original Petition was the first time a viable claim was provided to City National.

Smith's argument that it should have been calculated from the time of the Rule 202 investigatory deposition fails because (a) the deposition notice did not constitute a "claim" sufficient to trigger prejudgment interest; and (b) it would not be equitable to assess prejudgment interest during the time that the malicious prosecution claim was barred by limitations.

**Responsive Issue**

**The trial court exercised his discretion in calculating
the prejudgment interest awarded to Smith.**

Smith argues that he is entitled to prejudgment interest during the time that he did not bring his malicious prosecution claim, and could not bring it because of the statute of limitations.

**Standard of Review**

Smith proposes that the standard of review for this Court on the issue of prejudgment interest is de novo. Actually the standard for review that should be followed by this Court is whether the trial court abused its discretion in calculating the prejudgment interest. Christus Health Gulf Coast v. Carswell, 433 S.W.3d 585, 611 (Tex. App. – Houston [1st Dist.] 2013, pet. granted). Morales v. Morales, 98 S.W.3d 343, 348 (Tex. App. – Corpus Christi 2003. pet. denied). The trial court only abuses its discretion if its action is "arbitrary and unreasonable and without reference to any guiding rules and principles." Samlowski v. Wooten, 332 S.W.3d 404, 410 (Tex. 2011) (citing Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997)).

**Proper Calculation of Prejudgment Interest**

Prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives notice of a claim or the date the suit is filed. Tex. Fin. Code Ann. § 304.104.

Here Smith argues that the Court should consider his Application for Investigative Depositions as a "claim". This is not supported by the case law. Typically the term "claim" describes a demand for compensation or an assertion of a right to be paid. *See* Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 531 (Tex. 1998). *See also* Robinson v. Brice, 894 S.W.2d 525, 528 (Tex. App.– Austin 1995, writ denied). The prejudgment interest statute does not have a definition of claim. Where a statute does not define a word, it must be given its plain and ordinary meaning. Hopkins v. Spring Indep. Sch. Dist., 736 S.W.2d 617, 619 (Tex.1987). "A 'claim' is 'a demand for money or property as of right'." BLACK'S LAW DICTIONARY 247 (6th Ed. 1991). To constitute a claim for purposes of the prejudgment statute there must be a demand for payment or compensation. Brookshire Grocery Co. v. Smith, 99 S.W.3d 819 (Tex. Civ. App. – Beaumont 2003, pet. denied), citing Robinson, 894 S.W.2d at 528.

Here the Application for Investigative Depositions entailed no demand for payment. In fact it specifically says that "Petitioner seeks to investigate a potential claim by Petitioner against Respondents" (CR 623) and that the facts they are

seeking are "vital to Petitioner's determining whether or not he will file a lawsuit against the Respondents".  (CR 626).  There is no mention of a dollar amount, no request for payment.  Clearly the Application for Investigative Depositions do not constitute a claim for purposes of §304.104 Tex. Fin. Code Ann.

This Court may also look at the object and purpose of the prejudgment interest statute. DeLeon v. Harlingen Consol. Indep. School Dist., 552 S.W.2d 922, 925 (Tex. Civ. App. – Corpus Christi 1977, no writ) .  The purpose of the prejudgment interest statute in addition to ensuring that plaintiffs are fully compensated is to (1) encourage settlements, and (2) expedite settlements and trials by removing incentives for defendants to delay.  Johnson v. Higgins, 962 S.W.2d at 529.   The purposes of the statute are not served by determining that prejudgment accrues before the date the defendant receives notice of the claim.  Christus Health Gulf Coast, 433 S.W.3d at 611.

Here no real argument can be made that using the Application for Investigative Depositions in any way furthers the purpose of prejudgment interest by encouraging a settlement or allowing City National to expedite a settlement.  In fact, after the investigative deposition, no suit was filed, and the statute of limitations ran on any malicious prosecution claim against City National. City National should therefore be entitled to rely upon that right of limitations without being required to settle claims that could not even be brought.  It would not be equitable to charge the City National

with prejudgment interest before a claim was asserted against it, and at a time when it would not logically settle a case. *See* <u>Christus Health Gulf Coast</u>, 443 S.W.3d at 611. *See also* <u>I-10 Colony, Inc. v. Chao Kuan Lee</u>, 393 S.W.3d 467, 480 (Tex. App. – Houston [14[th] Dist.] 2013, pet. denied).

Based upon the foregoing it is clear that the trial court did not abuse its discretion in determining that prejudgment interest should run from Smith's Second Amended Original Petition, when City National was joined as a defendant in the case for a malicious prosecution claim, which was arguably revived.

## CONCLUSION

The trial court did not abuse its discretion in its award of prejudgment interest.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Cross-Appellee, CITY NATIONAL BANK OF SULPHUR SPRINGS, prays that if this Court reaches this issue that it affirm the trial court's determination of prejudgment interest; and for such other and further relief to which it may show itself to be entitled.

Respectfully submitted,


  /s/ *John R. Mercy*
John R. Mercy
Texas State Bar No. 13947200
MERCY ✷ CARTER ✷ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX  75503
Telephone:  (903) 794-9419
Facsimile:   (903) 794-1268
Email: jmercy@texarkanalawyers.com


Coy Johnson
Texas State Bar No. 10698000
Email: coy@clayjohnsonlaw.com
Clay Johnson
Texas State Bar No. 24007450
Email:   clay@clayjohnsonlaw.com
JOHNSON LAW FIRM, P.C.
609 Gilmer Street
Sulphur Springs, TX 75482-4121
Telephone: (903) 885-8866
Facsimile:   (903) 584-1313

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2015, a true and correct copy of the foregoing *Brief of Cross-Appellee* was forwarded to counsel of record for Appellee by the Electronic Service Provider, as follows:

Mr. J. Mark Sudderth
NOTEBOOM LAW FIRM
669 Airport Freeway, Suite 100
Hurst, TX 76053-3698
Email: sudderth@noteboom.com


/s/ *John R. Mercy*
John R. Mercy


## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that the foregoing *Brief of Cross-Appellee* contains 1056 words. This is a computer-generated document created in WordPerfect using 14-point typeface. In making this certificate I am relying on the word count provided by the software used to prepare the document.


/s/ *John R. Mercy*
John R. Mercy