NUMBER 13-01-410-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



ROSE TRISTAN, INDIVIDUALLY AND D/B/A ROSE CLEANING

SERVICES AND OLGA CRISTAN , Appellants,



v.



C.A. WALKER, INC. AND ANY UNKNOWN INDIVIDUALS , Appellee.




On appeal from the County Court at Law No. 2

of Nueces County, Texas.




MEMORANDUM OPINION


Before Justices Yañez, Castillo, and Dorsey (1)

Opinion by Justice Castillo




 Appellant/cross-appellee Rose Tristan ("Tristan"), the sole proprietor of Rose Cleaning Services, sued
appellee/cross-appellant C.A. Walker, Inc. ("Walker"), a general contractor, claiming breach of contract or quantum meruit
and fraud. Tristan and appellant/cross-appellee Olga Cristan ("Cristan"), Tristan's sister and an employee of Rose Cleaning
Services, also sued Walker for defamation. The jury found in favor of Tristan on her breach-of-contract and fraud claims
and against Tristan and Cristan on their defamation claims. The trial court signed a judgment that reflected the jury's
findings and awarded $20,411.25 to Tristan for breach of contract, $15,263.00 for fraud, pre-judgment interest on both
awards, post-judgment interest on the total judgment, and, pursuant to section 38.001 of the civil practice and remedies
code, (2)$5,220.00 in attorney fees plus a conditional attorney-fee award on appeal. Walker appeals the adverse judgment. 
Tristan and Cristan appeal the take-nothing judgment on their defamation claims. We affirm in part and reverse and render
in part. 

I. WALKER'S ISSUES ON APPEAL


 In three issues, Walker challenges the trial court's: (1) denial of Walker's motion for election of remedies; (2) denial of
Walker's motion for judgment notwithstanding the verdict; and (3) award of attorney fees. 

A. Double Recovery


 In its first issue, Walker asserts that the trial court should have granted its motion for election of remedies, arguing that the
damages the jury found on Tristan's fraud claim were the same damages the jury found on her breach-of-contract claim,
which was the value of her uncompensated services, resulting in a double recovery. (3) Tristan counters that the damages
found by the jury for Walker's fraud were distinct and separate from the damages the jury found for Walker's breach of
contract, which is not a double recovery. 

1. The Trial Court Record


 The record shows that Tristan separately pleaded breach of contract, quantum meruit, fraud, and, along with Cristan,
defamation. The trial court submitted each theory to the jury in separate liability and damages questions. The jury
instructions in the breach-of-contract and fraud questions defined different measures of damages for the two claims:

 As to breach of contract:



 The difference between the amount paid by C.A. Walker, Inc. to Rose Cleaning Service for performing the work and the
amount C.A. Walker had agreed to pay Rose Cleaning Service for such work, less the cost, if any, to C.A. Walker for
completing the work or remedying any defect. (Do not deduct cost of completion attributable to C.A. Walker) (4) 



 As to fraud:



 The reasonable and necessary costs of any uncompensated cleaning services performed by Rose's Cleaning Service; 

 The reasonable value of the business Rose Cleaning Service to Rose Tristan. (5) 

 Walker did not object to the different measure-of-damages instructions in the questions submitted to the jury on Tristan's
breach-of-contract and fraud theories of recovery. Nor did it move for an instructed verdict as to those questions. 

 With the court's measure-of-damages instructions before it, the jury found different damages for each of the two theories of
liability. The judgment separately awarded the damages found by the jury and separately calculated the pre-judgment
interest awarded on each. By contrast, in addition to breach-of-contract and fraud damages, the jury also found $20,411.25
in damages for Tristan's quantum-meruit claim, which Tristan had pleaded alternatively to the breach-of-contract claim.
However, the judgment did not award Tristan damages on the alternative quantum-meruit claim. 

2. Analysis


 A double recovery does not occur unless the plaintiff obtains more than one recovery for the same injury. See Waite Hill
Servs., Inc. v. World Class Metal Works, Inc., 959 S.W.2d 182, 184 (Tex. 1998) (per curiam) (citing Stewart Title Guar.
Co. v. Sterling, 822 S.W.2d 1, 7 (Tex. 1991)). Judgment awarding Tristan damages on both her breach-of-contract claim
and her fraud claim is proper because: (1) Tristan pleaded separate theories of liability; (2) the two theories of liability
arose from separate injuries; and (3) each theory of liability resulted in a separate finding of damages. See Birchfield v.
Texarkana Mem'l Hosp., 747 S.W.2d 361, 367 (Tex. 1987) (discussing factors). 

 We find this case analogous to Medical Air Services Association v. Kebert, 26 S.W.3d 663, 667-68 (Tex. App.-Corpus
Christi 2000, pet. denied). In Keber, a sales representative sued for sales commissions resulting from sales of an insurance
product. We allowed recovery of both contract and fraud damages, noting that no double recovery resulted because the
fraud damages constituted losses of additional commissions beyond the loss of renewal commissions awarded by the jury
for breach of contract. Id. As noted above, the breach-of-contract damages instruction here defined a different measure of
damages (the value of uncompensated services) than that defined by the fraud measure-of-damages instruction. The fraud
damages instruction included, in addition to the value of Tristan's business to her, only the reasonable and necessary costs
of any uncompensated services, not their value. We overrule Walker's first issue. See id. 

B. Legal Sufficiency of Damages for Fraud


 Walker does not challenge on appeal the legal sufficiency of the evidence to support the jury's fraud damages finding on
the basis of "[t]he reasonable and necessary costs of any uncompensated cleaning services performed by Rose's Cleaning
Service." Rather, Walker asserts, in its second issue, that the evidence is legally insufficient to show that Tristan's
"business would have any value or lost any profits in the future." Walker argues that evidence that Tristan's business would
have any future value or lost profits is too speculative to support the jury's fraud damages finding. Tristan counters that the
evidence is legally sufficient to establish the value of the loss of her business. We first determine if Walker preserved its
legal-sufficiency complaint.

1. Preservation of Error


 Except for fundamental error, to preserve any complaint for appellate review, a party must present to the trial court a
timely and specific request, objection, or motion. Tex. R. App. P. 33.1(a); Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d
278, 280 (Tex. 1999) (per curiam). In particular, to preserve a legal-sufficiency challenge, a party must have specifically
raised its complaint in: (1) a motion for instructed verdict; (2) an objection to the submission of a jury question; (3) a
motion for judgment notwithstanding the verdict; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a
motion for new trial. Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991); U.S.A. Precision Machining Co. v. Marshall, 95
S.W.3d 407, 411 (Tex. App.-Houston [1st Dist.] 2002, pet. denied). 

 The requirements of motions for new trial are governed by the Texas Rules of Civil Procedure. Rule 321 requires a party
to designate each point it relies on in a motion for new trial in such a way that the trial court can identify and understand the
complaint. See Tex. R. Civ. P. 321. The purpose of a motion for new trial is to provide an opportunity for the trial court,
by granting a new trial, to cure any errors. D/FW Commercial Roofing Co. v. Mehra, 854 S.W.2d 182, 189 (Tex.
App.-Dallas 1993, no writ). In addition, rule 322 provides that the court shall not consider points in a motion for new trial
couched only in general terms. See Tex. R. Civ. P. 322. Therefore, the allegations in a motion for new trial must be
sufficiently specific to enable the trial court to understand what the movant alleges was error. Id. Finally, an issue raised
on appeal must correspond to a motion made to the trial court. In re T.R.S., 931 S.W.2d 756, 758 (Tex. App.-Waco 1996,
no writ); D/FW Commercial Roofing, 854 S.W.2d at 189. A motion for new trial that states one legal theory cannot be
used to support a different legal theory on appeal. D/FW Commercial Roofing, 854 S.W.2d at 189. 

2. The Trial Court Record


 As discussed above, the jury charge provided a two-fold instruction of the measure of damages on Tristan's fraud claim: 

 The reasonable and necessary costs of any uncompensated cleaning services performed by Rose's Cleaning Service; 

 The reasonable value of the business Rose Cleaning Service to Rose Tristan. 



Walker did not object to the instruction, and the record reflects that Walker did not move for an instructed verdict on the
fraud damages question. Walker's post-trial motion asked for judgment notwithstanding the verdict "as to any amount
awarded by the jury for the Plaintiff's loss of her business," arguing "[t]here was legally insufficient evidence to support any
such finding." Similarly, Walker argued in its motion for judgment notwithstanding the verdict that "no economist or any
other person provided evidence as to [Tristan] suffering any economic loss due to her business failing. All the record
contains is rank speculation." Finally, Walker's legal-sufficiency point in its motion for new trial argued that "there is no
evidence to support the jury's answer to . . . the question of damages for the loss of Plaintiff's business." 

3. The Issue on Appeal


 On appeal, however, Walker presents the following issue:

 The trial court erred in denying Appellant's Motion for Judgment Notwithstanding the Verdict because the evidence is
legally insufficient to support the jury's verdict since there was no credible evidence beyond mere speculation that the
plaintiff's business would have any value or lost any profits in the future. 

In support of its legal-sufficiency issue, the only authority cited by Walker in its brief focuses on the speculative nature of
future losses as a measure of breach-of-contract damages. City of Dallas v. Villages of Forest Hills, L.P., Phase I,
931 S.W.2d 601, 606-07 (Tex. App.-Dallas 1996, no writ). The appellate court in Villages of Forest Hills agreed with the
court below that "damages relating to future stages of the project" and other elements of damage contingent on the
occurrence of future events "were too speculative to be recoverable." Id. Similarly, relying on the argument that Tristan
presented "no evidence of out-of-pocket loss separate from the unpaid cleaning services which were already compensated
for by the jury under their breach of contract finding," Walker's reply brief on appeal argues that Tristan's testimony
established no "certainty whatsoever in any loss of profits from future jobs." 

4. Analysis


 Walker did not present to the trial court any complaint that the evidence of lost future value of the business or lost profits
in the future is legally insufficient to support the jury's fraud damages finding. Nor does Walker provide to this Court any
issue on appeal or authorities or citations to the record that raise the legal-sufficiency complaint it presented to the trial
court. We find that Walker did not present to the trial court the same legal-sufficiency complaint it presents on appeal. 

 To the extent Walker's argument on appeal can be construed as addressing the same legal-sufficiency point it raised in its
motion for new trial, we note that Walker did nothing more than summarily repeat the issue in its brief, without citation to
legal authority or substantive analysis. Thus, we find that Walker inadequately briefed the issue and failed to preserve it on
appeal. See Tex. R. App. P. 38.1(h); see also Morales v. Morales, 98 S.W.3d 343, 346 (Tex. App.-Corpus Christi 2003, no
pet. h.) (finding that inadequately briefed argument does not preserve issue for review). 

 Moreover, even if Walker had presented to the trial court the same legal-sufficiency complaint it now raises, the
measure-of-damages instruction in the fraud question submitted to the jury did not include the value the "business would
have" or any lost "profits in the future" in the definition. Rather, the instruction included "[t]he reasonable value of the
business Rose Cleaning Service to Rose Tristan" without reference to future value or lost profits. Walker did not object to
either of the two measures of damages defined by the fraud damages instruction. Nor does it argue on appeal that the
instruction did not define the proper measure of damages. We find that Walker waived in the trial court its
legal-sufficiency issue on appeal that "there was no credible evidence beyond mere speculation that the plaintiff's business
would have any value or lost any profits in the future." 

 Finally, the fraud damages instruction provided the jury a second basis from which to determine its finding, a measure of
damages independent of the value of the business: "[t]he reasonable and necessary costs of any uncompensated cleaning
services performed by Rose's Cleaning Service." Walker did not challenge the jury's fraud damages finding on the basis of
that instruction by moving for instructed verdict on that basis or by objecting to submission of the instruction, moving for
judgment notwithstanding the verdict, moving to disregard the jury's answer, or moving for new trial on that basis. See
Cecil, 804 S.W.2d at 510-11 (Tex. 1991); U.S.A. Precision Machining, 95 S.W.3d at 411. Walker does not present an
issue on appeal attacking the legal sufficiency of the evidence to support the jury's fraud damages finding on the basis of
that instruction. To the extent Walker discusses the sufficiency of evidence of Tristan's out-of-pocket costs to support the
jury's fraud damages finding, it neither cites authority nor argues why evidence of "[t]he reasonable and necessary costs of
any uncompensated cleaning services performed by Rose's Cleaning Service" is legally insufficient to support the jury's
fraud damages finding. We find that Walker failed to preserve the issue on appeal. See Tex. R. App. P. 38.1(h); see also
Morales, 98 S.W.3d at 346. The jury's fraud damages verdict finds support on the basis of the unchallenged "costs of any
uncompensated cleaning services" measure of damages instruction, without regard to the value of the business. 
Accordingly, we overrule Walker's second issue. 

C. Attorney Fees


 In its third issue, Walker asserts that the trial court abused its discretion in awarding attorney fees to Tristan, arguing that: 
(1) Tristan presented no evidence of the fees she incurred and therefore waived the claim; (2) the jury charge contained no
question regarding the claim; and (3) judicial notice by the court of evidence to support the attorney-fee claim was
improper. Tristan counters that the parties agreed during presentation of Walker's motion in limine to submit the
attorney-fee issue to the court rather than to the jury. She argues that the award of attorney fees was within the trial court's
discretion pursuant to its authority to take judicial notice of relevant factors in accordance with section 38.004 of the civil
practice and remedies code. (6) 

 We review for abuse of discretion a trial court's award of statutory attorney fees. Ragsdale v. Progressive Voters League,
801 S.W.2d 880, 881 (Tex. 1990); Llanes v. Davila, No. 13-02-129-CV, 2003 Tex. App. LEXIS 392, at *13 (Corpus
Christi Jan. 16, 2003, pet. filed). The parties do not dispute that Tristan presented no evidence in support of her claim for
attorney fees. We have reviewed the portion of the record to which Tristan directs us. By motion in limine and argument
in support of the motion, Walker's counsel informed the trial court that: (1) Tristan had not disclosed in discovery the
amount of the total attorney fees claimed, the hourly rate or contingency basis of the fees, or over what period of time the
fees were incurred; and (2) Tristan had not designated an expert witness on attorney fees. The trial judge asked Tristan's
counsel if the attorney-fee claim was based on an hourly rate or on a contingent basis. Counsel responded that the claim
was based on the civil practice and remedies code. At the end of the discussion, the only agreement reached on the record
was that Tristan's counsel would approach the bench before raising the attorney-fee issue in the presence of the jury. 

 The judgment recites that the trial court took judicial notice of factors determinative of the reasonableness and necessity of
Tristan's attorney fees pursuant to section 38.004. Section 38.004, however, provides that the court, in a jury case, "may
take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further
evidence" only if "the amount of attorney's fees is submitted to the court by agreement." Tex. Civ. Prac. & Rem. Code
Ann. § 38.004 (Vernon 1997). No such agreement appears in the record. See Tex. R. Civ. P. 11. Accordingly, we hold
that the trial court, in the absence of an agreement in the record to submit the attorney-fee issue to the court instead of to the
jury, abused its discretion in awarding attorney fees. We sustain Walker's third issue. 

II. TRISTAN AND CRISTAN'S ISSUE ON APPEAL

 The jury found that a statement alleged by Tristan and Cristan to be defamatory was made by a Walker employee and that
it was false. However, the jury also found that the statement was neither published nor slanderous, nor did it proximately
cause damage to either Tristan or Cristan. In a single issue on appeal, Tristan and Cristan assert that the trial court erred in
overruling their motion for new trial, arguing that the jury's adverse answers to subparts of the defamation questions are
against the great weight and preponderance of the evidence and manifestly unjust. 

 We construe Tristan and Cristan's complaint as a factual-sufficiency challenge of the jury's adverse findings to questions
on which they bore the burden of proof at trial. See Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264,
275 (Tex. App.-Amarillo 1988, writ denied) (noting that party attacking for factual insufficiency adverse finding on
question on which it bore burden of proof at trial must show that finding is against "great weight and preponderance of the
evidence"); see also Ritchey v. Crawford, 734 S.W.2d 85, 86-87 n.1 (Tex. App.-Houston [1st Dist.] 1987, no writ) (quoting
Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 366 (1960)). In reply
to Tristan and Cristan's issue on appeal, Walker, as appellee, responds in its fourth issue that the jury's verdict on the
defamation claims is more than supported by the evidence. 

1. The Trial Court Record


 Rule 324 requires factual-sufficiency challenges to be raised in a motion for new trial. Tex. R. Civ. P. 324(b); U.S.A.
Precision, 95 S.W.3d at 411. In their motion for new trial, Tristan and Cristan urged the trial court to grant a new trial
"because the jury's answers to the questions as to the alleged defamation and related damages are against the great weight
and preponderance of the evidence and manifestly unjust." The motion for new trial was overruled by operation of law. We
find that Tristan and Cristan satisfied the prerequisites of a factual-sufficiency appeal of the jury's defamation liability
findings by a timely filed motion for new trial raising their complaint that the jury's defamation liability and damages
findings are against the great weight of the evidence. See Tex. R. Civ. P. 324(b)(3), 329b; see also Tex. R. App. P. 33.1. (7) 

2. The Issue on Appeal


 On appeal, Tristan and Cristan's sole issue presents only that "the jury's answers to certain subparts of questions number 10
and 14, respectively, in the Charge of the Court were against the great weight and preponderance of the evidence and
manifestly unjust." However, in two damages issues submitted separately from the defamation liability issues (questions
number 13 and 17, respectively), the jury found zero damages for defamation for past injury to Tristan and Cristan's
reputations and for their mental anguish, humiliation, and embarrassment. The damages question submitted in conjunction
with Tristan's defamation claim was not conditioned on a liability finding. Cristan's defamation damages question was
conditional. Nonetheless, the jury answered the defamation damages questions as to both Tristan and Cristan, responding
"0" as to each element of damages for each. Tristan and Cristan do not challenge the jury's findings of zero damages for
defamation, either by their issue on appeal or in their argument. 

3. Analysis


 When a jury's finding of no damages is undisputed, any error in the jury's liability finding is harmless. Harris v. Gen.
Motors Corp., 924 S.W.2d 187, 188 (Tex. App.-San Antonio 1996, writ denied); Mitchell v. Chaparral Chrysler-Plymouth
Sales, Inc., 572 S.W.2d 359, 360 (Tex. Civ. App.-Fort Worth 1978, writ ref'd n.r.e.). The jury's findings of no damages for
defamation fully support the take-nothing judgment on Tristan and Cristan's defamation claims. San Antonio Press, Inc. v.
Custom Bilt Mach., 852 S.W.2d 64, 66 (Tex. App.-San Antonio 1993, no writ). Thus, even if the jury had found liability
for defamation, the jury's no-damages findings compelled a take-nothing judgment on the defamation claims unless, for
example, Tristan and Cristan also successfully challenged on appeal the no-damages findings as against the weight of the
evidence. See id. Moreover, because of the deference we give jury findings, we may not set aside no-damages findings for
factual insufficiency without detailing the evidence and saying why the findings are against the weight of the evidence. Id. 
This we cannot do, for in the absence of fundamental error, we may not sustain a challenge that was not preserved in this
Court. Id. (citing Vawter v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990) (per curiam)). A jury's no-damages finding does not
present fundamental error. See id. Even if we were to sustain Tristan and Cristan's defamation liability issue, the
unchallenged no-damages findings on their defamation claims would require us to affirm. See id. 

 We note that Tristan did not object to the non-conditional submission of her defamation damages question, nor did she
raise the non-conditional submission as a point in her motion for new trial or as an issue on appeal. Similarly, Cristan did
not complain in her motion for new trial or raise on appeal that she need not challenge the jury's no-damages finding
because the jury should not have reached the conditional defamation damages question in the first place. Thus, on this
record, we conclude that neither the non-conditional submission of Tristan's defamation damages question nor the
conditional submission of Cristan's alters our analysis. See Canales v. Nat'l Union Fire Ins. Co., 763 S.W.2d 20, 22 (Tex.
App.-Corpus Christi 1988, writ denied) ("The damage issues were not conditioned on the answer to the liability issues. 
Thus, if all the appellants' requested issues had been submitted and answered in their favor, they would still recover zero
damages."). Since Tristan and Cristan did not raise an issue on appeal complaining of the jury's defamation no-damages
findings, we do not consider their challenges to the defamation liability findings. See Chaparral Chrysler-Plymouth,
572 S.W.2d at 360. We hold that Tristan and Cristan, by not challenging the jury's defamation no-damages findings on
appeal, waived the sole issue they present to this Court that the jury's defamation liability findings are against the great
weight and preponderance of the evidence and are manifestly unjust. See id.

III. CONCLUSION


 We leave the jury's findings undisturbed. Having overruled Walker's first and second issues, we affirm the portion of the
trial court's judgment awarding Tristan damages on her breach-of-contract and fraud claims. Having sustained Walker's
third issue, we reverse the portion of the trial court's judgment awarding attorney fees to Tristan, render judgment against
her on that claim, and modify the judgment of the trial court to reflect that Tristan take nothing by her claim for attorney
fees. Having held that Tristan and Cristan waived their sole issue on appeal, we affirm the portion of the trial court's
judgment that Tristan and Cristan take nothing on their defamation claims. 

ERRLINDA CASTILLO

Justice

Opinion delivered and filed

this 27th day of May, 2003.

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1997). 

3. We interpret Walker's issue as trying to assert the "one-satisfaction rule," which prohibits a plaintiff from obtaining
more than one recovery for the same injury, rather than "election of remedies." See Stewart Title Guar. Co. v. Sterling,
822 S.W.2d 1, 7 (Tex. 1991). The one-satisfaction rule differs from the election-of-remedies doctrine. See Bocanegra v.
Aetna Life Ins. Co., 605 S.W.2d 848, 851 (Tex. 1980) (citing suit seeking both damages for breach of contract and for
recision as example requiring election of remedies). A litigant is entitled to sue and seek damages on alternative theories
and may maintain multiple parallel or inconsistent claims. Waite Hill Servs., Inc. v. World Class Metal Works, Inc., 959
S.W.2d 182, 184 (Tex. 1998) (per curiam); JHC Ventures, L.P. v. Fast Trucking, Inc., 94 S.W.3d 762, 774 (Tex. App.-San
Antonio 2002, no pet.). However, when moving for judgment at the end of the legal proceeding, the litigant is not entitled
to recover on each theory and must decide on which theory it ultimately relies. Birchfield v. Texarkana Mem'l Hosp.,
747 S.W.2d 361, 367 (Tex. 1987); Fast Trucking, 94 S.W.3d at 774. The election-of-remedies doctrine bars relief only
when (1) one has made an informed choice (2) between two or more remedies, rights, or states of facts (3) that are so
inconsistent as to (4) constitute manifest injustice. Birchfield, 747 S.W.2d at 367; Fast Trucking, 94 S.W.3d at 774. A
typical example of the context in which the election-of-remedies doctrine is applied is when an injured worker seeks
coverage under both workers compensation and group insurance. See, e.g., Allstate Ins. Co. v. Perez, 783 S.W.2d 779, 781
(Tex. App.-Corpus Christi 1990, no writ). Like the one-satisfaction rule, the purpose of the election-of-remedies doctrine
is to prevent double recovery for a single wrong. See Green Oaks, Ltd. v. Cannan, 749 S.W.2d 128, 131 (Tex. App.-San
Antonio 1987), writ denied, 758 S.W.2d 753 (Tex. 1988) (per curiam). Unlike the one-satisfaction rule, however, the
election-of-remedies doctrine is an affirmative defense that a defendant must specifically plead. France v. Am. Indem. Co.,
648 S.W.2d 283, 285 (Tex. 1983). Compare Fast Trucking, 94 S.W.3d at 774 n.11 (no waiver if not pleaded) with Perez,
783 S.W.2d at 782 (waiver if not pleaded). Although Walker pleaded other affirmative defenses to Tristan and Cristan's
claims, it did not plead election of remedies. 

4. Question Number 5 read in its entirety:



 What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Rose Tristan d/b/a Rose
Cleaning Service for its damages, if any, that resulted from C.A. Walker, Inc.'s failure to comply with such agreement?



 Consider the following elements of damages, if any, and none other.



 The difference between the amount paid by C.A. Walker, Inc. to Rose Cleaning Service for performing the work and the
amount C.A. Walker had agreed to pay Rose Cleaning Service for such work, less the cost, if any, to C.A. Walker for
completing the work or remedying any defect. (Do not deduct cost of completion attributable to C.A. Walker). 

 Do not add any amount of interest on damages, if any. Answer in dollars and cents for damages, if any, that -

 were sustained in the past; Answer: $20,411.25

 in reasonable probability will be sustained in the future Answer: 0 

5. Question Number 6 read in its entirety:

 What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Rose's Cleaning Service for its
damages, if any, that resulted from such fraud?

 Consider the following elements of damages, if any, and none other.

 The reasonable and necessary costs of any uncompensated cleaning services performed by Rose's Cleaning Service; 

 The reasonable value of the business Rose Cleaning Service to Rose Tristan.

 Answer separately in dollar and cents, if any, for each of the following:

 Do not add any amount for interest on damages, if any

 ANSWER: 15,263 dollars

6. Tex. Civ. Prac. & Rem. Code Ann. § 38.004 (Vernon 1997). 

7. We note that Tristan and Cristan did not in their motion for new trial discuss the evidence they claimed greatly
outweighs and preponderates against the jury's defamation findings, nor did they cite any case law or argue any evidence or
authority in support of the point they raised. Because we dispose of Tristan and Cristan's issue on other grounds, we do not
decide whether their general factual-insufficiency point in the motion for new trial, unsupported by reference to either the
evidence or the law, satisfied the specificity requirements of rules 321 and 322. Tex. R. Civ. P. 321, 322; see D/FW
Commercial Roofing Co., Inc. v. Mehra, 854 S.W.2d 182, 189 (Tex. App.-Dallas 1993, no writ) (finding that general
factual-insufficiency point in motion for new trial did not inform trial court of complaint regarding double recovery raised
on appeal).