NUMBER 13-02-657-CV
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG


 

ROGER GERDES, JR. AND CAROLYN GERDES,                   Appellants,

v.

JOHN KENNAMER,                                                                       Appellee.




On appeal from the 23rd District Court
of Matagorda County, Texas.




OPINION

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo

         This is a suit for breach of fiduciary duty. Appellants Roger Gerdes and Carolyn
Gerdes appeal a $915,392.65 judgment in favor of appellee John Kennamer. The
Gerdeses challenge the trial court's venue ruling and assert that the evidence is legally
and factually insufficient to support the jury's liability and damages findings in
Kennamer's favor. They also complain of charge error in failing to condition a
damages question as to Carolyn Gerdes on a finding of fraud. Kennamer raises a
conditional cross-point challenging the sufficiency of the evidence to support an
offsetting quantum meruit award to the Gerdeses. We affirm. 
I. FACTUAL AND PROCEDURAL HISTORY
         Roger Gerdes and Kennamer, both United States citizens, were long-time friends
and business associates. The disputes on which this litigation focused arose from
their joint operation of Laguna Vista, a hunting and fishing lodge and ranch in San
Fernando, Tamaulipas, Mexico. Kennamer bought the lodge and its associated
improvements and assets in 1990 for a purchase price in excess of $500,000. The
conveyance included a lease of the real property on which the lodge was located and
an option to purchase the real property. Roger Gerdes and Kennamer structured Texas
and Mexican business entities to operate the lodge. Kennamer contributed the lodge
improvements and the capital. Roger Gerdes contributed "sweat equity" by managing
the business and taking care of the lodge and hunters. Carolyn Gerdes also invested
in Laguna Vista, provided bookkeeping and other personal services, and helped
promote and book hunting trips. 
         In 1991, Kennamer decided to exercise his option to purchase the real estate. 
The agreed purchase price was $1,038,000. He paid $250,000 down and mortgaged
the balance. At the time, Mexican law restricted title ownership to real property along
the United States-Mexico border and prohibited transfer of title to non-Mexican
citizens. At Roger Gerdes's suggestion, the grantor conveyed record title to the real
property to four Mexican citizens: Roger Gerdes's son, lawyer, and employees.
Kennamer did not receive record title. The transaction divided the real estate into four
parcels. The son's parcel included the land where the lodge was located. The lawyer
and the son's parcels were clear of any liens. The other two parcels were encumbered
by the purchase-money lien. The four Mexican record title holders then executed
purported powers of attorney "to John Kennamer and/or Roger Gerdes" to protect
Kennamer's ownership interest.


 
         Operating expenses for Laguna Vista mounted. Kennamer defaulted on the
purchase-money loan. The holder of the purchase-money lien instituted legal
proceedings. Title to the real property became the subject of extensive criminal and
civil proceedings in Mexico. Roger Gerdes and Kennamer both started looking for a
buyer for the Laguna Vista lodge. In 1993, at Roger Gerdes's direction and on his
instructions, the son revoked his power of attorney to Kennamer. 
         Roger Gerdes then formed two new business entities in 1997: Hacienda de
Aves, which was a Texas corporation, and Immobiliarias Don Rogelio, a Mexican
entity. Roger Gerdes and Carolyn Gerdes were the only principals of the two new
business entities. Their purpose was to facilitate sale of the Laguna Vista lodge and
property. The son transferred his interest in the real property, which was
unencumbered by the purchase-money lien and on which the lodge improvements were
located, to Immobiliarias Don Rogelio. Roger Gerdes began representing to potential
buyers that he was part owner of Laguna Vista. 
         In December of 2000, Roger Gerdes forwarded to Kennamer at his ranch in
Matagorda County, Texas a copy of a letter of intent that detailed a proposed
transaction with a prospective buyer. He deleted references to his employment by the
new entity and payment to him of bonuses and commissions. The transaction, which
called for Kennamer to receive $750,000 in cash, did not close because of questions
regarding title to the property. The letter of intent, however, alerted Kennamer that
Roger Gerdes was claiming ownership of an interest in Laguna Vista. 
          As a result, Kennamer brought this lawsuit in Matagorda County. He alleged
that the Gerdeses had taken monies from the lodge business without his authority. 
He claimed conversion, fraud, breach of fiduciary duty, and conspiracy to defraud. 
The Gerdeses counterclaimed for the value of their services and for attorney fees. 
They also sought a change of venue, which the trial court denied. A jury trial resulted
in mixed liability and damages findings. The trial court entered offsetting judgments. 
The net result for purposes of this appeal is a $915,392.65 judgment in favor of
Kennamer against Roger Gerdes.


 
         We first analyze the venue question presented by the Gerdeses in issue three. 
We then address the sufficiency challenges and charge error asserted by the Gerdeses. 
                                                   II. VENUE
A. Scope and Standard of Review
         Plaintiffs are accorded the right to choose venue first. Chiriboga v. State Farm
Mut. Auto. Ins. Co., 96 S.W.3d 673, 677 (Tex. App.–Corpus Christi 2003, no pet.). 
As long as the plaintiff files suit in a county of proper venue (i.e., the county is at least
a permissive venue and no mandatory provision applies), the trial court may not disturb
the plaintiff's venue choice. Id. at 678 (citing Wilson v. Tex. Parks & Wildlife Dep't,
886 S.W.2d 259, 261 (Tex. 1994)). The plaintiff's venue choice stands unless the
defendant challenges it by a proper motion to transfer venue. Chiriboga,
96 S.W.3d at 678 (citing In re Mo. Pac. R.R. Co., 998 S.W.2d 212, 216 (Tex. 1999)).
Once challenged, the plaintiff has the burden to present prima facie proof that venue
is maintainable in the county of suit. Tex. R. Civ. P. 87 (2)(a), (3)(a); Chiriboga,
96 S.W.3d at 678 (citing In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999)).
The plaintiff's prima facie proof is not subject to rebuttal, cross-examination,
impeachment, or disproof. Chiriboga, 96 S.W.3d at 678 (citing Ruiz v. Conoco, Inc.,
868 S.W.2d 752, 757 (Tex. 1993) (op. on reh'g)). 
         Nonetheless, we conduct an independent review of the entire record, including
any trial on the merits, to determine whether any probative evidence supports the trial
court's venue decision. Chiriboga, 96 S.W.3d at 677 (citing Ruiz, 868 S.W.2d
at 757); Southern County Mut. Ins. Co. v. Ochoa, 19 S.W.3d 452, 457 (Tex.
App.–Corpus Christi 2000, no pet.). We consider not only the prima facie
proof presented by the plaintiff to support venue but also "other evidence"
that "destroys the prima facie proof." Excel Corp. v. Porras, 14 S.W.3d 307, 311
(Tex. App.–Corpus Christi 1999, pet. denied) (quoting Ruiz, 868 S.W.2d at 757);
see Tex. R. Civ. P. 87.3. If there is any probative evidence supporting venue in the
county of suit, we affirm the trial court's venue decision even if the evidence
preponderates to the contrary. Chiriboga, 96 S.W.3d at 678 (citing Bonham State
Bank v. Beadle, 907 S.W.2d 465, 471 (Tex. 1995)). However, conclusive evidence
to the contrary can "destroy the prima facie proof." Chiriboga, 96 S.W.3d at 678
(citing Ruiz, 868 S.W.2d at 757; Rosales v. H. E. Butt Grocery Co., 905 S.W.2d 745,
750 (Tex. App.–San Antonio 1995, writ denied)). 
         We review the evidentiary record in the light most favorable to the venue ruling. 
Chiriboga, 96 S.W.3d at 677-78. Our review is similar to that we employ when
reviewing a trial court's fact findings and legal rulings in other contexts. Ochoa,
19 S.W.3d at 457. However, we do not review the trial court's venue ruling for
factual sufficiency. Id. (citing Ruiz, 868 S.W.2d at 758). Here, the venue facts are
generally uncontested, leaving only the legal question of whether venue was proper
in Matagorda County. See Ochoa, 19 S.W.3d at 457. 
         We review de novo a trial court's application of the law to the facts. BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Jackson v.
Kincaid, 122 S.W.3d 440, 444-45 (Tex. App.–Corpus Christi 2003, pet. filed). In
other words, we determine the correctness of the trial court's legal conclusions. BMC
Software, 83 S.W.3d at 794. We are not obligated to give any particular
deference to those conclusions. Pegasus Energy Group v. Cheyenne Petroleum Co.,
3 S.W.3d 112, 121 (Tex. App.–Corpus Christi 1999, pet. denied). As the final arbiter
of the law, we have the power and the duty to evaluate legal determinations of the
trial court independently. Id. 
         Thus, if any probative evidence supports the trial court's venue decision, we
must affirm it. Chiriboga, 96 S.W.3d at 678 (citing Beadle, 907 S.W.2d at 471). If
no such evidence appears in the record, we must reverse the judgment and remand. 
Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 2002); Chiriboga, 96 S.W.3d
at 678 (citing Ruiz, 868 S.W.2d at 758). 
         The parties agree that the general permissive venue statute is applicable
here.  See Tex. Civ. Prac. & Rem. Code Ann. § 15.002 (Vernon 2002). 
Section 15.002(a)(1) provides that venue is permissive in the county where "all or a
substantial part of the events or omissions giving rise to the claim occurred." Ciriboga,
96 S.W.3d at 678 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1), (2)
(Vernon 2002)). In this case, we must determine whether there is any probative
evidence to support the district court's implied ruling that "all or a substantial part of"
the events giving rise to this lawsuit occurred in Matagorda County. Chiriboga,
96 S.W.3d at 678. 
B. The Venue Facts
         The Kennamers alleged in their original petition that some or all of the claims
arose in Matagorda County. The Gerdeses alleged in their motion to transfer venue
that all or a substantial part of the events or omissions giving rise to the claim occurred
in Cameron County.


 See Tex. Civ. Prac. & Rem. Code Ann.§15.064(a) (Vernon 2002). 
The parties agreed to develop the venue facts through live testimony during a
temporary injunction hearing convened by the trial court at the same time as the venue
motion. See Tex. R. Civ. P. 87.3(b). 
         Viewed in the light most favorable to the trial court's venue ruling, testimony
at the hearing established that Kennamer lived on a ranch in Matagorda County. 
During a visit by Roger Gerdes to the ranch in 1990, Kennamer and he reached an
agreement that Kennamer would contribute Laguna Vista's assets and business, Roger
Gerdes would contribute "sweat equity" by running the lodge, and they would divide
the profits equally.


 Thereafter, Roger Gerdes often telephoned Kennamer and visited
with him at Kennamer's ranch regarding Laguna Vista business. Roger Gerdes picked
up supplies and equipment for the lodge at Kennamer's ranch. The Gerdeses
forwarded all the business records for Laguna Vista to Kennamer at his ranch. An
accountant in Bay City prepared and filed tax returns for Laguna Vista from Matagorda
County. Roger Gerdes faxed to Kennamer at his ranch the letter of intent regarding
the proposed purchase of the property. Kennamer faxed from his ranch a response to
that letter in which he complained about Roger Gerdes's actions in trying to sell the
property. In July of 2001, Roger Gerdes faxed to Kennamer at his ranch a letter
notifying Kennamer that Roger Gerdes's son had revoked his power of attorney in
Kennamer's favor back in 1993. That July 2001 letter was the first knowledge
Kennamer had that Roger Gerdes was claiming ownership of the Laguna Vista
property. From his ranch in Matagorda County, Kennamer arranged with the potential
buyer to share the expense of sending an attorney to Mexico to investigate the status
of the title to the real property. 
         Viewed in the light most favorable to the trial court's venue ruling, testimony
at trial also established that the Gerdeses transmitted requests for payment of
expenses related to Laguna Vista to Kennamer at his Matagorda County ranch. 
Kennamer authorized wire transfers of operating funds for the business from there. 
Carolyn Gerdes sent the business's profit and loss statements to Kennamer or his
accountant in Matagorda County. 
C. Venue Analysis
         Our task is not to determine the best venue. Chiriboga, 96 S.W.3d at 681. 
Rather, in this case we must decide whether the venue facts satisfy the substantiality
requirement of section 15.002(a)(1). Id. Accordingly, we conclude that the record
contains probative evidence that a substantial part of the events giving rise to the
claim occurred in Matagorda County. See Colonial County Mut. Ins. Co. v. Valdez,
30 S.W.3d 514, 527 (Tex. App.–Corpus Christi 2000, no pet.) (refusing to find venue
decision erroneous where, inter alia, alleged misrepresentations were made to plaintiff
in county of suit and other correspondence regarding claim was sent to county of suit);
see also Ochoa, 19 S.W.3d at 457 (considering "where the contract was negotiated
or executed, where it was to be performed, and where the alleged breach occurred"
in reviewing venue decision). Therefore, we find no reversible error in the trial court's
determination that venue was proper in Matagorda County. See Chiriboga, 96 S.W.3d
at 678; see also Valdez, 30 S.W.3d at 527; Ochoa, 19 S.W.3d at 457. We overrule
the Gerdeses' third issue. 
III. SUFFICIENCY OF THE EVIDENCE
A. The Sufficiency Issues on Appeal
         The Gerdeses bring four challenges that the evidence is legally and factually
insufficient to support the jury's findings: (1) of a relationship of trust and confidence
between Roger Gerdes and Kennamer; (2) of damages for the breach of trust and
confidence; (3) of fraud liability and damages; and (4) of civil conspiracy as to Carolyn
Gerdes. 
 
B. Preservation of Error
         Except for fundamental error, to preserve a complaint for appellate
review, a party must present to the trial court a timely and specific request,
objection, or motion. Tex. R. App. P. 33.1(a); Wal-Mart Stores, Inc. v. McKenzie,
997 S.W.2d 278, 280 (Tex. 1999) (per curiam). In particular, to preserve a
legal-sufficiency challenge, a party must have specifically raised its complaint in: (1) a
motion for instructed verdict; (2) an objection to the submission of a jury question;
(3) a motion for judgment notwithstanding the verdict; (4) a motion to disregard the
jury's answer to a vital fact question; or (5) a motion for new trial. Cecil v. Smith,
804 S.W.2d 509, 510-11 (Tex. 1991); U.S.A. Precision Machining Co. v. Marshall,
95 S.W.3d 407, 411 (Tex. App.–Houston [1st Dist.] 2002, pet. denied). Similarly,
a motion for new trial is required to complain of factual insufficiency of the evidence
to support a jury finding. Tex. R. Civ. P.324(b)(2). 
         The requirements of motions for new trial are governed by the Texas Rules of
Civil Procedure. Rule 321 requires a party to designate each ground it relies on in a
motion for new trial in such a way that the trial court can identify and understand the
complaint. See Tex. R. Civ. P. 321. The purpose of a motion for new trial is to
provide an opportunity for the trial court, by granting a new trial, to cure any errors.
D/FW Commercial Roofing Co. v. Mehra, 854 S.W.2d 182, 189 (Tex. App.
–Dallas 1993, no writ). In addition, rule 322 provides that the court shall not consider
grounds in a motion for new trial couched only in general terms. See Tex. R. Civ. P.
322. Therefore, the allegations in a motion for new trial must be sufficiently specific
to enable the trial court to understand what the movant alleges was error. Id. Finally,
an issue raised on appeal must correspond to a motion made to the trial court. In re
T.R.S., 931 S.W.2d 756, 758 (Tex. App.–Waco 1996, no writ); D/FW Commercial
Roofing, 854 S.W.2d at 189. A motion for new trial that states one legal theory
cannot be used to support a different legal theory on appeal. D/FW Commercial
Roofing, 854 S.W.2d at 189. 
C. The Record
         The Gerdeses did not move for an instructed verdict on any basis at the close
of Kennamer's case in chief. As to sufficiency challenges, the Gerdeses moved for an
instructed verdict at the close of all evidence only on the basis of "no or insufficient
evidence of any profit" to be submitted to the jury. They objected generally to
submission of damages questions to the jury on the basis there was no or insufficient
evidence as to fair market value and lost profits. 
         In their motion for partial judgment notwithstanding the verdict, the Gerdeses
asserted generally that "there was no and/or insufficient evidence of fraud, conversion,
and/or breach of fiduciary duty." They also complained that "[a]s Plaintiff, as a matter
of law, never owned the property involved herein as a matter of Mexican law, there
was no damage due to any alleged breach of [Roger Gerdes's] fiduciary duty." 
         As to sufficiency challenges in their motion for new trial,


 the Gerdeses asserted
generally that "there was no and/or insufficient evidence of fraud and/or breach of
fiduciary duty." They also reiterated their complaint that "[a]s Plaintiff, as a matter of
law, never owned the property involved herein as a matter of Mexican law, there was
no damage due to any alleged breach of [Roger Gerdes's] fiduciary duty." In addition,
they asserted that "[t]here was no and/or insufficient evidence of any damages to
Plaintiff as a result of any alleged breach of fiduciary duty." 
D. Sufficiency Preservation-of-Error Analysis
         In issue one, the Gerdeses argue that the evidence showed only that Roger
Gerdes and Kennamer were old friends and business partners, not that they had a
relationship of trust and confidence such that it was a fiduciary relationship. They did
not challenge in the trial court at any juncture the legal sufficiency of the evidence of
a fiduciary relationship between the parties. See Tex. R. App. P. 33.1(a); see also
McKenzie, 997 S.W.2d at 280. Nor did they challenge the factual sufficiency of the
evidence on this basis in their motion for new trial. See Tex. R. Civ. P. 324(b)(2). We
hold that the Gerdeses waived their first issue at trial. We overrule issue one. 
         In issue two, the Gerdeses argue that Kennamer's proof of damages fails
because he did not prove he owned the real property at issue. Therefore, the Gerdeses
conclude, Kennamer's testimony about the fair market value of the real property is
incompetent and constitutes no evidence. At trial, the Gerdeses moved for an
instructed verdict only on the general basis of "no or insufficient evidence of any
profit" to be submitted to the jury. They objected generally to submission of damages
questions to the jury on the basis there was no or insufficient evidence of fair market
value and lost profits. In their motion for partial judgment notwithstanding the verdict,
the Gerdeses complained that "[a]s Plaintiff, as a matter of law, never owned the
property involved herein as a matter of Mexican law, there was no damage due to any
alleged breach of [Roger Gerdes's] fiduciary duty." They reiterated that complaint in
their motion for new trial. In addition, they asserted in their motion for new trial that
"[t]here was no and/or insufficient evidence of any damages to Plaintiff as a result of
any alleged breach of fiduciary duty." We find that the Gerdeses' general challenges
during and after the trial to the sufficiency of the evidence of value, profits, and
damages were not specific enough to enable the trial court to understand that what
they alleged was error was that Kennamer's testimony about the fair market value of
the property "was incompetent and constituted no evidence." See Tex. R. Civ.
P. 322.


 
         Similarly in issue two, the Gerdeses argue that the evidence did not prove that
the Laguna Vista lodge business was ever taken from Kennamer. We also find that the
Gerdeses' general sufficiency challenges at trial were not specific enough to enable the
trial court to understand what they alleged was error was that the evidence did not
prove the Laguna Vista lodge business was ever taken from Kennamer. See Tex. R.
Civ. P. 322. 
         Thus, the Gerdeses did not challenge in the trial court the legal sufficiency of
the evidence on either of the two specific grounds urged by them in issue two. See
Tex. R. App. P. 33.1(a); see also McKenzie, 997 S.W.2d at 280. Nor did they
challenge the factual sufficiency of the evidence on these specific bases in their motion
for new trial. See Tex. R. Civ. P. 324(b)(2). We hold that the Gerdeses waived their
second issue by not complaining specifically on the same bases at trial as they assert
on appeal. See D/FW Commercial Roofing, 854 S.W.2d at 189. We overrule issue
two. 
         In issue four, the Gerdeses complain that Kennamer did not present legally or
factually sufficient evidence: (1) of all of the elements of a fraudulent representation;
and (2) of any resulting damages. They first argue that Kennamer's testimony he
would not have continued to capitalize Laguna Vista if he had known about the
revocation of the son's power of attorney in 1993 evidences a failure to disclose, not
an affirmative misrepresentation. We hold that the Gerdeses' general insufficiency
allegations at trial were not specific enough to enable the trial court to understand
what they alleged was error was that the evidence proved a failure to disclose, not an
affirmative misrepresentation. See Tex. R. Civ. P. 322.


 We hold that the Gerdeses
waived the first part of their fourth issue at trial. See id. We overrule the first part of
issue four. 
         As their second subissue within issue four, the Gerdeses argue that the
evidence is legally and factually insufficient to support the jury's finding of fraud
damages. However, they do nothing more than summarily repeat the issue in their
brief, without citation to legal authority or substantive analysis. Thus, we hold
that the Gerdeses inadequately briefed the second part of issue four and failed
to preserve it on appeal. See Tex. R. App. P. 38.1(h); see also Morales v. Morales,
98 S.W.3d 343, 346 (Tex. App.–Corpus Christi 2003, no pet. h.) (finding that
inadequately briefed argument does not preserve issue for review). We decline to
address the second part of issue four.  
         In their first subissue within issue five, the Gerdeses complain that the evidence
is legally and factually insufficient to support the jury's finding that Carolyn Gerdes
engaged in a civil conspiracy. They did not challenge the legal sufficiency of the
evidence on this basis in the trial court at any juncture. See Tex. R. App. P. 33.1(a);
see also McKenzie, 997 S.W.2d at 280. Nor did they challenge the factual sufficiency
of the evidence on this basis in their motion for new trial. See Tex. R. Civ.
P. 324(b)(2). We hold that the Gerdeses waived the first part of issue five at trial. We
overrule the first part of issue five. 
 
IV. CHARGE ERROR
         In the second part of issue five, the Gerdeses complain that the jury's civil-conspiracy damages finding as to Carolyn Gerdes was not conditioned on a finding of
fraud. To preserve error for appellate review regarding a jury instruction, counsel must
object with enough specificity to enable the trial court to understand the precise
grounds and make an informed ruling. R & R Contrs. v. Torres, 88 S.W.3d 685, 695
(Tex. App.–Corpus Christi 2002, appeal dismissed) (citing Castleberry v. Branscum,
721 S.W.2d 270, 276 (Tex. 1986)). The test for determining if a party has preserved
error in the jury charge is whether the party made the trial court aware of the
complaint, timely and plainly, and obtained a ruling. R & R Contrs., 88 S.W.3d at 695
(citing State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 241 (Tex.
1992)). Where the complaint is that the trial court failed to submit a particular
definition or instruction, the complaining party must have presented a written request
for its inclusion, tendering the proposed definition or instruction in substantially correct
wording. Tex. R. Civ. P. 278; R & R Contrs., 88 S.W.3d at 695. If the charge
contains an affirmative misstatement of the law, an objection suffices to preserve
error. R & R Contrs., 88 S.W.3d at 695 (citing Religious of the Sacred Heart v. City
of Houston, 836 S.W.2d 606, 613-14 (Tex. 1992)). At trial, the Gerdeses neither
submitted a conditional instruction nor objected to the charge on the basis they raise
on appeal. See Tex. R. App. P. 33.1(a). We hold that the Gerdeses waived the second
part of their fifth issue by not complaining about the charge on that basis at trial. See
id. We overrule the second part of issue five. 
                                              V. CONCLUSION
         We have declined to address one subissue as inadequately briefed and overruled
each of the rest of the Gerdeses' issues. Kennamer's cross-point is conditional and
not necessary to our disposition of the appeal. See Tex. R. App. P. 47.1. We affirm
the trial court's judgment. 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Dissenting opinion by J. Yañez.
Concurring opinion by J. Hinojosa.

Opinion delivered and filed
this 6th day of December, 2004.